COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Cole and Overton
Argued at Richmond, Virginia


MICHAEL FERNELL FARROW
                                              OPINION BY
v.   Record No. 0212-98-2           JUDGE RICHARD S. BRAY
                                          FEBRUARY 22, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    John F. Daffron, Jr., Judge

          Lee W. Kilduff (Anthony G. Spencer;
          Morchower, Luxton & Whaley, on briefs), for
          appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Michael Fernell Farrow (defendant) was convicted, in a bench

trial, for possession of cocaine.  He complains on appeal that the

court erroneously denied his motion to suppress the drugs and

related evidence.  We agree and reverse the conviction.

     "In reviewing a trial court's denial of a motion to suppress,

'the burden is upon the defendant to show that the ruling, when

the evidence is considered most favorably to the Commonwealth,

constituted reversible error.'"  McGee v. Commonwealth, 25 Va.

App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation

omitted).  "[W]e review de novo the trial court's application of

defined legal standards such as probable cause and reasonable

suspicion to the particular facts of the case."  Hayes v.

Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999) (citation omitted).  "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (quoting Ornelas v. United States, 517 U.S. 690, 699 (1996)).

On March 29, 1997, Officer Timothy Morton of the Chesterfield County Police Department, while patrolling Cloverleaf Mall in Chesterfield, received "a call from Mall security to assist . . . with a subject [defendant] that they wanted to ban from the Mall." Morton approached and asked defendant to "step back to the security office."  Defendant accompanied Morton a short distance but suddenly "veer[ed] off" from the office.  When Morton advised defendant, "it would be in your best interest to get you to Mall security and get you banned and get you out of here," he responded, "They ain't going to ban me for that shit."  Morton then arrested defendant "for profanity in public," a Class 3 misdemeanor, handcuffed and "walked" him to the security office, "where the summons . . . and the papers are kept."  Once inside, defendant was advised of his Miranda rights and "thoroughly searched," resulting in discovery of the cocaine.

In support of his contention that the search was in violation of the Fourth Amendment, requiring suppression of the related

-

evidence, defendant asserts that a "brief detention" incidental to the issuance of a summons for a Class 3 misdemeanor does not rise to a custodial arrest or otherwise justify a search of the accused. Defendant further contends that he was subjected to a custodial arrest in violation of Code § 19.2-74(A)(2), a circumstance that he maintains also requires suppression of the evidence.[1]

It is well established that, following "a lawful custodial arrest[,] a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." United States v. Robinson, 414 U.S. 218, 235 (1973) (emphasis added). However, the Supreme Court has refused to extend this "bright-line rule" to a "search incident to citation" related to a "routine traffic stop." Knowles v. Iowa, 525 U.S. 113, 118 (1998). The Court reasoned that "the two historical rationales for the 'search incident to arrest' exception[,] (1) the need to disarm the suspect in order to take him into custody, and (2) the need to preserve evidence for later use at trial[,]" did not attend such "relatively brief" police/citizen "encounter[s]." Id. at 116.

Subsequently, in Lovelace v. Commonwealth, 258 Va. 588, ___ S.E.2d ___ (1999), the Supreme Court of Virginia, guided by the rationale of Knowles, concluded that Class 3 and 4 misdemeanors

_____

[1] We find that this issue is subsumed in our resolution of the constitutional argument.

-

were "similar in nature and duration to a routine traffic stop" and did not "contemplate[] a custodial situation equivalent to an actual custodial arrest." Lovelace, 258 Va. at 596, ___ S.E.2d at ___; see Code § 19.2-74(A)(2). Thus, "an 'arrest' that is effected by issuing a citation or summons rather than taking the suspect into custody does not, by itself, justify a full field-type search." Id. at 596, ___ S.E.2d at ___. The Court recognized, however, that such "an encounter between [police] and an individual . . . may involve some degree of danger to the officer or . . . need to preserve or discover evidence sufficient to warrant an additional intrusion," "limited to what is necessary to answer the concerns raised by . . . either historical rationale." Id. at 594, ___ S.E.2d at ___.

Here, Officer Morton was authorized by Code § 19.2-74(A)(2) only to issue defendant a summons for a Class 3 misdemeanor. Nevertheless, defendant was handcuffed and escorted to a security room to afford Morton access to his "summons book" and other "papers." The record establishes neither a need to preserve evidence nor safety concerns[2] in support of the custodial equivalent to arrest and the related search of

---

[2] If, as the Commonwealth asserts on brief, circumstances had accompanied the encounter which threatened Morton, the "thorough search" of defendant clearly exceeded the "limited" "additional intrusion . . .[] necessary to answer the concerns." Lovelace, 258 Va. at 594, ___ S.E.2d at ___.

-

defendant's person.  See id. at 597, ___ S.E.2d at ___; see also Smith v. Commonwealth, 30 Va. App. 737, 742, 519 S.E.2d 831, 833 (1999); Rhodes v. Commonwealth, 29 Va. App. 641, 645, 513 S.E.2d 904, 906 (1999).

Accordingly, the trial court erroneously denied the motion to suppress, and we reverse and remand for such further proceedings as the Commonwealth may deem appropriate.

Reversed and remanded.