COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


CHARLES RICHARD AKERS
                                           OPINION BY
v.    Record No. 2675-98-3           JUDGE LARRY G. ELDER
                                         FEBRUARY 22, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                 A. Dow Owens, Judge Designate

          Thomas P. Kratman (Kratman, Swindell &
          Crenshaw, on brief), for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Charles Richard Akers (appellant) appeals his bench trial

conviction pursuant to Code § 18.2-53.1 for use of a firearm in

the commission or attempted commission of a malicious wounding.

Appellant originally also was charged with malicious wounding in

violation of Code § 18.2-51 but was convicted of the lesser

offense of unlawful wounding.  On appeal, appellant contends his

conviction for use of a firearm in the commission of a malicious

wounding was inconsistent with his conviction for unlawful

wounding arising out of the same incident.  Conceding the

inconsistency of the verdicts, the Commonwealth contends under

Rule 5A:18 that appellant waived his right to contest this

inconsistency by failing to present this argument to the trial

judge.  In the alternative, it contends the trial court's inconsistent verdicts do not constitute reversible error.  We hold that appellant sufficiently preserved this objection for our review and that a trial court's truly inconsistent verdicts constitute reversible error on direct appeal.  Therefore, we reverse and dismiss the challenged firearm conviction.[1]

I.

BACKGROUND

On January 14, 1998, appellant went to the home of Josh Berkheimer to collect money Berkheimer owed him.  When appellant was unable to collect the money, he became angry and later returned to Berkheimer's residence with Donald Teaster.  Appellant and Teaster donned ski masks and hid in Berkheimer's backyard.  When Matthew Oliveira, Berkheimer's roommate, exited the house, appellant and Teaster attacked him and chased him back into the house.  Appellant held Oliveira while Teaster sprayed him with pepper spray.  Teaster had a gun and the men said "they were going to kill [Oliveira] or something like that."  Oliveira was "very afraid."  Appellant and Oliveira exchanged several punches and one or both of the assailants held Oliveira down and continued to beat him, striking him a total of ten to twenty times.  Oliveira then heard a very loud bang next to his ear, and the men fled.

---

[1] In addition to the unlawful wounding and firearm convictions, appellant also was convicted of breaking and entering and malicious release of a chemical mixture.  On appeal, he challenges only the firearm conviction.

-

Oliveira sustained burns to that ear and the side of his head and could not hear out of that ear for about a week. He also sustained a black eye and a cut across his nose which resulted in a scar, and he required three stitches in the back of his head.

Detective Glenn Richardson questioned appellant about the incident. Appellant admitted his involvement. He originally denied knowing Teaster had a gun but later said he knew Teaster usually carried a weapon for protection. Appellant said that when the gun went off, he realized he had been shot in the foot, and the two men left to obtain medical attention.

Appellant was charged with breaking and entering, malicious release of a chemical mixture, malicious wounding, and "use . . . or display [of a firearm] in a threatening manner while committing or attempting to commit malicious wounding."

In closing argument, the prosecutor argued that the doctrine of concert of action permitted appellant to be convicted of the firearm and pepper spray charges. Counsel for appellant argued that this doctrine was inapplicable to the firearm offense because appellant was the victim of the shooting and could not "transfer intent to himself." When the trial court referenced the burns the victim sustained on his ear, counsel for appellant responded, "if it was from the discharge of the weapon . . . [b]ut that would be maliciously wounding, not use of a firearm." Counsel for appellant also argued that the evidence was insufficient to prove

-

malice for the malicious wounding charge and asked that it be reduced to assault and battery.

The trial court said it was "convinced beyond a reasonable doubt that there was a concert of action and that the evidence is sufficient to convict and it's a question of degree and what."  It then convicted appellant for breaking and entering and malicious release of a chemical mixture.  It also convicted him for unlawful rather than malicious wounding and for "the use, or attempted use of a pistol in a threatening manner."  (Emphasis added).

At the sentencing hearing, counsel for appellant moved to set aside the verdict on the firearm charge.  When the prosecutor noted during argument that the court had reduced the malicious wounding charge to unlawful wounding, counsel for appellant agreed and reminded the court that "the [firearm] charge was . . . [u]se of a firearm to maliciously wound."  He also argued the evidence was insufficient to prove that the requisite wounding occurred from the firearm because appellant was the only person shot and the victim's only injury from the firearm was a burn.  The trial court denied the motion.

## II.

## ANALYSIS

## A.

## PROCEDURAL BAR

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the

-

objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." An objection presented via a motion to set aside the verdict is sufficiently timely to satisfy the rule. See Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). The Commonwealth contends that appellant failed to object to the inconsistent verdicts in the trial court, thereby failing to preserve the issue of inconsistent verdicts for appeal. We disagree.

Counsel for appellant challenged the firearm conviction at the sentencing hearing by moving the trial court to set it aside. The bulk of appellant's argument was based on his contention that the evidence was insufficient to establish the victim's wounds resulted from the firearm. However, in response to the prosecutor's statement that the court had reduced the malicious wounding charge to unlawful wounding, counsel for appellant agreed and reminded the court that "the [firearm] charge was . . . [u]se of a firearm to maliciously wound." (Emphasis added). We hold that this exchange, although brief, was sufficient to inform the trial court of appellant's belief that the convictions for unlawful wounding and use of a firearm in the commission of a malicious wounding were inconsistent.[2]

---

[2] Even if we were to hold this exchange insufficient to preserve the issue for appeal, we nevertheless would apply the ends of justice exception to consider the issue on the merits.

-

B.

INCONSISTENT CONVICTIONS BY A TRIAL COURT

Whether it is error for a trial court to render

inconsistent verdicts[3] is a question of first impression in

---

Application of the ends of justice exception requires proof of an error that was "clear, substantial and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). The record "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). Application of the ends of justice exception is appropriate where "[the accused] was convicted for conduct that was not a criminal offense" or "the record . . . affirmatively prove[s] that an element of the offense did not occur." Id. at 221-22, 487 S.E.2d at 272-73; see Johnson v. Commonwealth, 20 Va. App. 547, 553-54, 458 S.E.2d 599, 602 (1995) (en banc) (holding that trial court has affirmative duty properly to instruct jury on elements of offense and that ends of justice exception permits defendant to raise issue for first time on appeal).

Here, whether the ends of justice exception would apply is inextricably linked to the merits determination. Under appellant's theory of the case, the trial court's rendering of inconsistent verdicts was reversible error. In essence, he argues either (1) that he was convicted for use of a firearm in the commission of an unlawful wounding, a non-existent offense, or (2) that, by finding him guilty of unlawful rather than malicious wounding, the trial court found an element of the firearm offense, malicious intent, did not exist.

As we hold infra, in Section II.B., appellant's bench trial conviction for use of a firearm in the commission of a malicious wounding after his acquittal for malicious wounding arising out of the same incident was inconsistent and constituted reversible error. Therefore, it was error that was "clear, substantial and material," which would justify our review under the ends of justice exception. Brown, 8 Va. App. at 132, 380 S.E.2d at 11.

[3] Verdicts or convictions are inconsistent when "'the essential elements in the count wherein the accused is acquitted are identical and necessary to proof of conviction on the guilt count.'" State v. Meyer, 832 P.2d 357, 362 (Kan. Ct. App. 1992) (citation omitted); see Wolfe v. Commonwealth, 6 Va. App. 640, 648, 371 S.E.2d 314, 318 (1988) (holding that conviction for voluntary manslaughter constituted acquittal on murder charge

-

Virginia.  We previously have held that inconsistent verdicts

rendered by a jury do not constitute reversible error.  See,

e.g., Tyler v. Commonwealth, 21 Va. App. 702, 707-09, 467 S.E.2d

294, 296-97 (1996).

> "'The most that can be said in such cases is
> that the verdict shows that either in the
> acquittal or the conviction the jury did not
> speak their real conclusions, but that does
> not show that they were not convinced of the
> defendant's guilt.  We interpret the
> acquittal as no more than their assumption
> of a power which they had no right to
> exercise, but to which they were disposed
> through lenity.'"  . . . [J]uries may reach
> inconsistent verdicts through mistake,
> compromise, or lenity, but in such instances
> it is "unclear whose ox has been gored," the
> government's or the defendant's.  For this
> reason and the fact that the government is
> precluded from appealing the acquittal
> verdict, the Court concluded that
> inconsistent verdicts should not provide the
> basis for an appeal by the defendant.

---

such that conviction for use of firearm in commission of murder
was "palpabl[y]" inconsistent).  Compare Wolfe, 6 Va. App. at
648, 371 S.E.2d at 318 (acknowledging elemental inconsistency),
with United States v. Maybury, 274 F.2d 899, 903-04 (2d Cir.
1960) (applying broader approach to find inconsistency where
elements of offenses are distinct but evidence proving each
offense is the same or significantly overlaps, suggesting that
fact finder interpreted evidence one way in convicting of one
offense and in an entirely different and inconsistent way in
acquitting of the other).  The evidence here supports
appellant's argument and the Commonwealth's concession that
appellant's bench trial convictions for unlawful wounding and
use of a firearm in the commission of malicious wounding are, in
fact, elementally inconsistent.  See Banner v. Commonwealth, 204
Va. 640, 645, 133 S.E.2d 305, 309 (1963) (holding that
conviction for lesser offense of unlawful wounding constitutes
acquittal for greater offense of malicious wounding arising from
same conduct).

-

Wolfe v. Commonwealth, 6 Va. App. 640, 647-48, 371 S.E.2d 314, 318 (1988) (quoting United States v. Powell, 469 U.S. 57, 63, 65, 66, 105 S. Ct. 471, 475, 477, 477, 83 L. Ed. 2d 461 (1984) (quoting Dunn v. United States, 284 U.S. 390, 393, 52 S. Ct. 189, 190, 76 L. Ed. 2d 356 (1932))).

The issue of inconsistent verdicts implicates no constitutional guarantee. See id. at 648, 371 S.E.2d at 318. Where a jury renders inconsistent verdicts, "a search of the trial record in an attempt to reconcile such inconsistency is neither appropriate nor required." Id. at 650, 371 S.E.2d at 319. As long as the evidence supports both verdicts, they "will be upheld, despite the apparent inconsistency." Pugliese v. Commonwealth, 16 Va. App. 82, 96, 428 S.E.2d 16, 26 (1993).

Although we have not previously addressed the issue of inconsistent bench trial verdicts, we have commented on the issue in dicta on at least two occasions. In Wolfe, 6 Va. App. at 650 n.3, 371 S.E.2d at 319 n.3, we noted that nothing in our opinion was "intended to address inconsistent verdicts rendered by a trial judge in a single criminal trial." Citing Shell v. State, 512 A.2d 358 (Md. 1986), we indicated our belief that "the principles stated [in Wolfe] are [not] applicable to such cases." Wolfe, 6 Va. App. at 650 n.3, 371 S.E.2d at 319 n.3. More recently, in Elmore v. Commonwealth, 22 Va. App. 424, 427 n.1, 470 S.E.2d 588, 589 n.1 (1996), we assumed without deciding "that inconsistent verdicts in a bench trial are grounds for

-

reversal in Virginia."  We again cited the decision of
Maryland's highest court in Shell as representative of the
decisions of other jurisdictions that "the considerations that
may justify inconsistent jury verdicts do not apply in a bench
trial."  Id. (citing United States v. Maybury, 274 F.2d 899, 903
(2d Cir. 1960); Shell, 512 A.2d at 363; Haynesworth v. United
States, 473 A.2d 366, 368 (D.C. 1984)).

We now expressly adopt, as applicable to elemental
inconsistency in bench trial verdicts, the basic rationale
applied by Maryland's highest court in Shell.[4]  Shell involved
facts almost identical in relevant respects to those at issue
here.  Shell was charged, inter alia, with attempted murder and
use of a handgun in the commission of a "crime of violence,"
defined by statute to include attempted murder.  See 512 A.2d at
359, 361 n.4.  The trial court found the defendant's voluntary
intoxication negated the intent to commit any of the underlying
"crime[s] of violence" but nevertheless convicted him of use of

---

[4] In Shell, the court noted its prior holding "that 'a trial
court in a criminal case must, if requested by the accused,
instruct a jury that an accused cannot be found guilty of use of
a handgun in the commission of a crime of violence under . . .
Art. 27, § 36B(d) if found not guilty of a crime of violence as
defined in . . . Art. 27, § 441(e).'"  512 A.2d at 362 (quoting
Mack v. State, 479 A.2d 1344 (1984)).  We have not previously
addressed a defendant's entitlement to such an instruction in
Virginia, see Gray v. Commonwealth, 28 Va. App. 227, 235, 503
S.E.2d 252, 256 (1998), and we find it unnecessary to do so in
this opinion.

-

a handgun in the commission of a crime of violence.  See id. at

360.  The Maryland Court of Appeals concluded that the

convictions were inconsistent and that the principles which

supported affirmance of inconsistent jury verdicts did not apply

in bench trials.  See id. at 362.

It observed as follows:

> [C]onvictions based on inconsistent jury
> verdicts are tolerated because of the
> singular role of the jury in the criminal
> justice system. . . .  [T]here is a
> "reluctance to interfere with the results of
> unknown jury interplay," at least without
> proof of "actual irregularity."  . . .
> [I]nconsistencies may be the product of
> lenity, mistake, or a compromise to reach
> unanimity, and . . . the continual
> correction of such matters would undermine
> the historic role of the jury as arbiter of
> questions put to it.  In the present case,
> however, the inconsistent verdicts were
> rendered by a judge, not by a jury.  [The
> above rationale] does not justify
> inconsistent verdicts from the trial judge.

Id. at 362 (citations omitted).  Quoting Maybury, 274 F.2d at

903, 905, the Maryland Court of Appeals further observed:

> "There is no need to permit inconsistency
> . . . so that the judge may reach unanimity
> with himself; on the contrary, he should be
> forbidden this easy method for resolving
> doubts. . . .  We do not believe we would
> enhance respect for the law or for the
> courts by recognizing for a judge the same
> right to indulge in 'vagaries' in the
> disposition of criminal charges that, for
> historic reasons, has been granted the jury.
>
>  *  *  *  *  *  *  *
>
> We reverse for inconsistency . . .
> because we can have no confidence in a

-

> judgment convicting Maybury of one crime
> when the judge, by his acquittal of another,
> appears to have rejected the only evidence
> that would support the conviction here."

Shell, 512 A.2d at 362-63.[5]  Under these circumstances, "an

apparent inconsistency in judgments is more likely the result of

confusion . . . , [and] there is a danger that the defendant was

not proved guilty beyond a reasonable doubt . . . ."

Haynesworth, 473 A.2d at 372.[6]

　　For these reasons, we hold that appellant's bench trial

conviction for use of a firearm in the commission of a malicious

---

[5] The Maryland Court of Appeals noted its previous ruling
that "where a trial judge on the record explains an apparent
inconsistency in the verdicts, and where the explanation shows
that the trial court's action was 'proper' and that there was no
'unfairness,' the verdicts would be sustained."  512 A.2d at 363
(quoting Johnson v. State, 209 A.2d 765, 773 (1965)).  We need
not reach this issue in appellant's case because specific
findings of fact are not required under Virginia law and the
trial court gave no explanation for the inconsistent verdicts.
See also Wolfe, 6 Va. App. at 650, 371 S.E.2d at 319 (stating
that where a jury renders inconsistent verdicts, "a search of
the trial record in an attempt to reconcile such inconsistency
is neither appropriate nor required" (emphasis added)).

[6] We are cognizant of the ruling of the United States
Supreme Court in Harris v. Rivera, 454 U.S. 339, 102 S. Ct. 460,
70 L. Ed. 2d 530 (1981), cited by the Commonwealth, in which the
Court held that inconsistent verdicts in a nonjury criminal
trial are constitutional.  We take little guidance from Rivera,
however, because it involved a collateral attack in a habeas
corpus proceeding under 28 U.S.C. § 2254 based on the argument
that Rivera's conviction was inconsistent with the acquittal of
a codefendant.  See id. at 341-43, 102 S. Ct. at 462-63.
Further, the Court stated explicitly that "[t]his case does not
raise any question concerning the significance that an appellate
court may attach to an apparent inconsistency in a verdict that
is subject to review on direct appeal."  Id. at 343, 102 S. Ct.
at 462-63; see also Shell, 512 A.2d at 363 & n.6.

-

wounding after his implied acquittal for malicious wounding arising out of the same incident constituted error, and we reverse and dismiss the challenged firearm conviction.

<u>Reversed and dismissed.</u>