## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Jeffery Lamont Sims

March 18, 2002

Case No. (Criminal) 01-426-1

BY JUDGE EDWARD L. HOGSHIRE

This criminal prosecution arose from a search of the Defendant pursuant to a stop for disorderly conduct, a class one misdemeanor. As a result of the search, two officers found cocaine on the Defendant's person. Defendant moved to suppress, arguing that the seizure was not incident to a lawful arrest. After due consideration of applicable law, arguments presented in the hearing on January 30, 2002, and supporting memoranda, for the reasons set forth below, the motion is granted.

*Facts*

In the early morning hours of September 7, 2001, police officers were dispatched to a noise complaint. The officers arrived on the location and saw the Defendant along with a group of young men who were cursing and shouting loudly. The officers warned the group to disperse, and Officer Townsend decided to issue a summons to everyone involved. Officer Townsend announced to the group that they were all being charged with disorderly conduct, that he needed to see identification, and that he was going to issue each a summons.

The officers then had the group place their hands on a fence, and they were patted down for weapons while Officer Townsend wrote the individual summonses. Another officer saw Defendant take his hands down from the fence and place them back on the fence repeatedly. He also put his hands in

his pocket after being instructed not to. The officers then searched Defendant's pockets and person and found the contraband.

## Question Presented

Is it lawful for police to conduct a full search of a person detained while awaiting the receipt of a summons for a class one misdemeanor absent an arrest?

## Analysis

A number of cases address a similar question where the defendant awaits receipt of a summons for a class two or class three misdemeanor. In each case, the conclusion was that for certain traffic offenses and class two, three, and four misdemeanors, under Va. Code § 19.2-74 (as revised) officers may not conduct a full search incident to the summons. For example, in *Farrow v. Commonwealth*, 31 Va. App. 517, 525 S.E.2d 11 (2000), a police officer arrested the defendant for a class three misdemeanor, escorted him into a security office, and then thoroughly searched him, resulting in the discovery of cocaine. The court in *Farrow* found that the officer was authorized by Va. Code § 19.2-74(A)(2) only to issue defendant a summons for a class three misdemeanor and not to conduct an extensive field search. 31 Va. App. 517, 520, 525 S.E.2d 11, 15. The court determined that there was neither a need to preserve evidence nor a need to preserve safety sufficient to justify a full search. *Id. See also Knowles v. Iowa*, 525 U.S. 113, 116 (1998).

In *Lovelace v. Commonwealth*, 258 Va. 588, 595, 522 S.E.2d 856, 859 (1999), a full search incidental to the issuance of a summons for a class four misdemeanor was held to be unlawful. In that case, the Virginia Supreme Court recognized that the "nature and duration" of the encounter between the officer and the defendant will determine to some extent the range of permissible search options. *Id.* at 594, 522 S.E.2d at 859. In *West v. Commonwealth*, 36 Va. App. 237, 549 S.E.2d 605 (2001), the defendant was stopped on a traffic violation. While the defendant was waiting for the police to issue a summons, the police noticed a bulge in the defendant's shoe. The police then searched the defendant and found a bag of crack cocaine. The court held that the search was unauthorized because it was incidental to citation and summons for the traffic violation. *Id.* at 242, 549 S.E.2d at 607.

In the case at bar, however, although there was probable cause to arrest the Defendant on a class one misdemeanor and to conduct a full search incident to the arrest, there was no arrest prior to the search. The officers stated that they did not intend to arrest anyone, only to check them for drugs

354

and weapons, and if none were found, to simply issue a summons to each for disorderly conduct. That is in fact what happened. Since the police clearly were not arresting the Defendant, there was no search incident to an arrest. The Defendant was *later* arrested for the cocaine possession, but the full search of his pockets, not the disorderly conduct, was the basis for the arrest.

Under these facts, absent an arrest and search incident thereto, the motion to suppress will be granted.