COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Clements
Argued at Salem, Virginia


KENNETH CHARLES CLEVELAND
                                          OPINION BY
v.   Record No. 0379-01-3          JUDGE JAMES W. BENTON, JR.
                                        APRIL 30, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                  J. Samuel Johnston, Jr., Judge

            Grady W. Donaldson, Jr. (Schenkel &
            Donaldson, P.C., on brief), for appellant.

            Robert H. Anderson, III, Senior Assistant
            Attorney General (Randolph A. Beales,
            Attorney General, on brief), for appellee.


     The trial judge convicted Kenneth Charles Cleveland of a

felony offense, under Code § 46.2-357(B)(2), of driving while

having the status of an habitual offender.  Cleveland contends

the trial judge rendered impermissible, inconsistent verdicts by

convicting him of a felony after acquitting him of violating

Code § 18.2-266, which is an element of the felony offense.  We

disagree and affirm the conviction.

                              I.

     A grand jury indicted Cleveland on four offenses.  One

indictment charged him with driving a vehicle while having the

status of an habitual offender and while violating Code

§ 18.2-266.  This felony indictment alleged, in accordance with

Code § 46.2-357(B)(2), that Cleveland's habitual offender adjudication was supported by an underlying conviction of driving in violation of Code § 18.2-266.  In pertinent part, Code § 46.2-357(B) provides, as follows:

> [A]ny person found to be an habitual offender under this article, who is thereafter convicted of driving a motor vehicle or self-propelled machinery or equipment in the Commonwealth while the revocation determination is in effect, shall be punished as follows:
>
> 1.  If such driving does not, of itself, endanger the life, limb, or property of another, such person shall be guilty of a misdemeanor punishable by confinement in jail for no more than ninety days and a fine of not more than $2,500, either or both. However, ten days of any such confinement shall not be suspended except in cases designated in subdivision 2 (ii) of this subsection.
>
> 2.  If such driving of itself endangers the life, limb, or property of another or takes place while such person is in violation of § 18.2-266, irrespective of whether the driving of itself endangers the life, limb or property of another and one of the offender's underlying convictions is for §§ 18.2-36.1, 18.2-266 or a parallel local ordinance, such person shall be guilty of a felony punishable by confinement in a state correctional facility for not less than one year nor more than five years or, in the discretion of the jury or the court trying the case without a jury, by confinement in jail for twelve months and no portion of such sentence shall be suspended.

Other indictments charged Cleveland with driving under the influence of alcohol in violation of Code § 18.2-266(i),

reckless driving in violation of Code § 46.2-852, and attempting to elude a police officer in violation of Code § 46.2-817.

At trial, a deputy sheriff testified that on June 30, 2000, at 2:00 a.m., he saw a vehicle traveling at a high rate of speed and weaving across lanes. The deputy sheriff followed the vehicle for approximately one mile, saw only one occupant in the vehicle, and watched the vehicle weave over the center line several times. After the deputy sheriff activated his lights and siren, the vehicle slowed to eighty miles per hour but did not stop. The speed limit on the road was forty-five miles per hour. After the vehicle failed to stop at a stop sign, it entered a residential area and stopped in a cul-de-sac.

The deputy sheriff testified that a man exited from the driver's door and fled into a wooded area. The deputy sheriff ran to the vehicle, saw no one inside, and pursued the driver. He identified Cleveland at trial as the driver he apprehended in the wooded area and arrested. The deputy sheriff also testified that Cleveland smelled strongly of alcohol, had bloodshot eyes, and staggered as they returned to the patrol car. A breath test administered at the police station showed Cleveland's blood alcohol concentration to be .09 by weight by volume. The evidence further proved that Cleveland's driver's license had been revoked under the habitual offender statute and that Cleveland had a prior conviction for driving under the influence of alcohol on June 15, 1995.

At the conclusion of the evidence, the prosecutor asked the trial judge to convict Cleveland on all four charges. The judge indicated that he could not convict Cleveland of both driving under the influence and reckless driving. In response, the prosecutor requested the judge to convict Cleveland of "the habitual offender, the DUI, and the attempting to elude." The judge, however, convicted Cleveland "of habitual offender, reckless driving, and attempting to elude" a police officer, and he made the following findings:

> The elements of attempting to elude and reckless driving are different. After receiving a distinct audible or visible signal from the officer, he attempted to evade or elude, which it is clear he did that. Reckless driving, he ran a stop sign doing 80 miles an hour, at least 80 miles an hour in a 45 zone. That's reckless in and of itself. And he's clearly an habitual offender at the time. So I'm going to find him--I'm going to dismiss the DUI. It's close on--I could do DUI or reckless. I choose the reckless.

At the sentencing hearing, Cleveland contended that the judge could not convict and sentence him as a felon under the habitual offender statute after acquitting him of a violation of Code § 18.2-266. The trial judge ruled that because the law required him to dismiss either the reckless driving charge or the driving under the influence charge, he decided to "give [Cleveland] a break even though [he thought Cleveland] was under the influence." The judge then sentenced Cleveland to five years in prison on the habitual offender charge, twelve months

in jail on the reckless driving charge, and twelve months in jail on the attempt to elude a police officer charge. The judge suspended four years of the five year sentence and both twelve month sentences on the condition that Cleveland serve twelve months in jail. He also ordered a period of probation upon Cleveland's release from jail.

## II.

Cleveland appeals only from the felony conviction for driving while an habitual offender. Cleveland did not argue at trial, and does not argue on appeal, that a felony conviction under Code § 46.2-357(B)(2) requires a separate indictment under Code § 18.2-266. Indeed, he responded as follows to the trial judge's inquiry:

> [JUDGE]: Well, what if they charged him with felony habitual offender . . . while operating in violation of [Code §] 18.2-266 and they come in and prove [he has] a [blood alcohol concentration of] .30, don't even charge him with DUI though, can I not convict him of a felony habitual offender?
>
> [DEFENSE COUNSEL]: Well, perhaps under those instances . . . you could argue that he was in violation of the DUI, but in this case the Court dismissed the DUI . . . .

Cleveland contends that the trial judge rendered inconsistent verdicts by sentencing him as a felon under Code § 46.2-357(B)(2) after acquitting him of the charge of driving while intoxicated and that, therefore, the felony conviction should be reversed.

The Commonwealth contends the evidence was sufficient to prove all the elements of each charged offense. The Commonwealth

argues the record establishes that the judge did not reject the evidence of driving under the influence and that the judge gave an explanation, which established that the verdicts were not truly inconsistent.

In Akers v. Commonwealth, 31 Va. App. 521, 528-32, 525 S.E.2d 13, 18 (2000), we adopted the rationale of the Maryland Court of Appeals for addressing inconsistencies in verdicts rendered by a trial judge.  Citing Shell v. State, 512 A.2d 358 (Md. 1986), we ruled as follows:

> "[C]onvictions based on inconsistent jury verdicts are tolerated because of the singular role of the jury in the criminal justice system. . . .  [T]here is a 'reluctance to interfere, with the results of unknown jury interplay,' at least without proof of 'actual irregularity.'  . . . [I]nconsistencies may be the product of lenity, mistake, or a compromise to reach unanimity, and . . . the continual correction of such matters would undermine the historic role of the jury as arbiter of questions put to it.  In the present case, however, the inconsistent verdicts were rendered by a judge, not by a jury.  [The above rationale] does not justify inconsistent verdicts from the trial judge."

>      *    *    *    *    *    *    *

> "'There is no need to permit inconsistency . . . so that the judge may reach unanimity with himself; on the contrary, he should be forbidden this easy method for resolving doubts. . . .  We do not believe we would enhance respect for the law or for the courts by recognizing for a judge the same right to indulge in "vagaries" in the disposition of criminal charges that, for historic reasons, has been granted the jury.'"

<u>Akers</u>, 31 Va. App. at 531, 525 S.E.2d at 18 (quoting <u>Shell</u>, 512 A.2d at 362-63). We also recognized, however, that in its previous ruling of <u>Johnson v. State</u>, 209 A.2d 765, 773 (Md. 1965), the Maryland court held that an inconsistent verdict would be sustained "where the trial judge on the record explains an apparent inconsistency in the verdicts, and where the explanation shows that the trial court's action was 'proper' and that there was no 'unfairness.'" <u>Akers</u>, 31 Va. App. at 532 n.5, 525 S.E.2d at 18 n.5 (citation omitted).

Even if we assume, as Cleveland argues, that the verdicts are inconsistent, the trial judge gave a valid explanation on the record for the verdicts. Acknowledging he could not convict Cleveland of both reckless driving and driving under the influence of alcohol arising from the same act, <u>see</u> Code § 19.2-294.1, the trial judge said he "[c]hose to give [Cleveland] a break even though [the evidence proved Cleveland] was under the influence." This statement indicates the judge considered his ruling to be an act of lenity, and it clearly establishes that the ruling was not a product of confusion. Thus, unlike in <u>Akers</u>, the trial judge made a specific finding concerning the reason he convicted Cleveland of reckless driving and dismissed the driving under the influence charge.

In addition, this is not a case where the judge "'appear[ed] to have rejected the only evidence that would support the conviction.'" <u>Akers</u>, 31 Va. App. at 531, 525 S.E.2d

at 18 (citation omitted).  The trial judge specifically found that the evidence proved Cleveland "was under the influence." Furthermore, the evidence at trial was uncontested that Cleveland's blood alcohol level exceeded the statutory level of .08.  See Code § 18.2-266(i).  We hold that the trial judge gave a valid explanation for rendering the felony conviction even though he acquitted Cleveland of the charge of driving under the influence.

In short, the trial judge found that the evidence was sufficient to convict Cleveland of either reckless driving or driving under the influence.  Under Virginia law he could not convict Cleveland of both.  Significantly, Cleveland does not dispute that the evidence proved beyond a reasonable doubt his blood alcohol content was .09 by weight by volume and that the judge "was giving [Cleveland] a break by dismissing the DUI." Accordingly, we hold that the record discloses no unfairness or violation of principles consistent with the proper administration of justice and, thus, presents no reversible error.

For these reasons, we affirm the judgment.

Affirmed.