COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Felton and Kelsey
Argued at Chesapeake, Virginia


SHANNAN C. ROBINSON

                MEMORANDUM OPINION[*] BY
v.   Record No. 1169-03-1     JUDGE WALTER S. FELTON, JR.
                   JULY 6, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Joseph R. Winston, Special Appellate Counsel (Public Defender
Commission, on briefs), for appellant.

Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


   Shannan C. Robinson (appellant) was indicted on charges of carjacking in violation of Code

§ 18.2-58.1, of robbery in violation of Code § 18.2-58, of attempted robbery in violation of Code

§§ 18.2-58 and 18.2-26, of simple abduction in violation of Code § 18.2-47, and abduction with

intent to extort pecuniary benefit in violation of Code § 18.2-48. In a bench trial he was acquitted of

the charges of carjacking, robbery and attempted robbery, and convicted of abduction with intent to

extort pecuniary benefit, of the unauthorized use of a motor vehicle in violation of Code § 18.2-102,

and grand larceny from the person in violation of Code § 18.2-95. The only question before us is

appellant's conviction of abduction for pecuniary benefit.[1] He contends that the evidence was

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's petition for appeal on the remaining convictions was previously denied by
this Court by order dated November 13, 2003.

insufficient to prove he abducted the victim for pecuniary benefit or that he used force and intimidation necessary for abduction. Finding no error, we affirm the conviction.

## BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the disposition of this appeal.

"When a defendant challenges the sufficiency of the evidence on appeal, we must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth." Ward v. Commonwealth, 264 Va. 648, 654, 570 S.E.2d 827, 831 (2002) (citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)).

So viewed, the evidence established that on August 31, 2002, eighty-year-old Robert Pendleton went to the residence of Amy Richardson, a twenty-two-year-old woman, taking her beer and cigarettes. Appellant, Allen Wood, and Erin Fitzgerald, appellant's girlfriend, were present when Pendleton arrived. Earlier that day Pendleton argued with Fitzgerald and appellant in a heated phone conversation, wherein Pendleton engaged in name calling and insulting language. After Pendleton arrived and entered the residence, the parties continued to exchange offensive comments. When Pendleton engaged in inappropriate conduct toward Fitzgerald, appellant struck him in the face. Wood and Fitzgerald then joined appellant in beating him. In the beating, Pendleton was knocked unconscious and fell to the kitchen floor. When he regained consciousness, he saw the contents of his wallet scattered on the floor and his wallet on the kitchen table. He testified that thirty-five dollars was missing from his wallet. He also testified that appellant told him, "I know that's not all the money you got. I want more money." When Pendleton told appellant that he didn't have more money, appellant threatened to beat him up

again. Pendleton testified that he "didn't want that because [he] was hurting," and told appellant that he had more money at his house.

Appellant and his companions escorted Pendleton out to Pendleton's van. They placed him "in the middle row seat of [his] van," between appellant and Fitzgerald, and drove to Pendleton's house. Pendleton testified that he didn't want to go but that he feared another beating and that the reason he accompanied appellant to his house was "to get more money to get him to quit beating up on me." When they arrived at Pendleton's residence, Pendleton and appellant went into the workshop on the property to get the money. After giving appellant a drink of rum, Pendleton convinced appellant to leave the workshop momentarily. He was then able to close and lock the door. While appellant pounded on the door and tried to re-enter the workshop, Pendleton placed a 911 call to the police. Appellant and his companions then left Pendleton's residence in Pendleton's van. The police later found appellant trespassing in a neighbor's backyard near Amy Richardson's house and located the van parked about two blocks away.

The police officer who responded to Pendleton's call for assistance testified that Pendleton initially gave inconsistent accounts about what had transpired earlier.

At the conclusion of all the evidence, the trial court convicted appellant of abduction with intent to extort pecuniary benefit in violation of Code § 18.2-48, of misdemeanor unauthorized use of a motor vehicle in violation of Code § 18.2-102, and of grand larceny from the person in violation of Code § 18.2-95.[2] It acquitted appellant of the charges of robbery, attempted robbery and carjacking.

---

[2] Count three of the indictment alleging simple abduction was *nolle prossed*.

ANALYSIS

On appeal, appellant contends that the evidence was insufficient to prove he used the requisite force or intimidation necessary to prove abduction of Pendleton or to prove that he abducted him for pecuniary benefit. Appellant argues that the evidence does not show that Pendleton was threatened or forced to accompany him and his companions in the van. He also argues that because he was acquitted of robbery, attempted robbery and carjacking, the trial court necessarily found that the element of force was lacking and that consequently the evidence was insufficient to convict him of abduction.

Code § 18.2-47 provides that "[a]ny person, who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty . . . shall be deemed guilty of 'abduction' . . . ."

Code § 18.2-48 provides: "[a]bduction . . . with the intent to extort money or pecuniary benefit, . . . shall be a Class 2 felony." To obtain a conviction under Code § 18.2-48, the Commonwealth was required to prove beyond a reasonable doubt that appellant took, transported or detained Pendleton by force, intimidation or deception for the purpose of acquiring money from him.

Appellant challenges the sufficiency of the evidence, asserting that the trial court erred in relying on Pendleton's testimony. He argues that Pendleton didn't testify that he was physically forced into the van or that he was threatened with "pain of injury" if he didn't accompany appellant and his companions in the vehicle.

When we consider the record "in the light most favorable to the Commonwealth . . . we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth . . . ." Watkins v.

- 4 -

Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted). The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by the evidence. See Code § 8.01-680.

"It is fundamental that 'the credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses.'" Collins v. Commonwealth, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1991) (quoting Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985)).

> [T]he fact finder is not required to accept entirely either the Commonwealth's or the defendant's account of the facts. Similarly, the fact finder is not required to believe all aspects of a defendant's statement or testimony; the judge or jury may reject that which it finds implausible, but accept other parts which it finds to be believable.

Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (citation omitted).

The trial court accepted Pendleton's testimony that appellant beat him, took his wallet, asked him for more money, forced him to return to his residence to obtain more money, and used his van without permission. Pendleton's testimony was corroborated by appellant's admission that he beat Pendleton and his guilty plea in the general district court for that assault and battery. Pendleton was taken in his van by appellant and the others to his house to get more money to avoid additional beatings. In finding appellant guilty of abduction, the trial court considered both appellant's testimony and Pendleton's testimony, including his earlier conflicting statements.

The trial court reasonably concluded from the evidence that appellant's beating of Pendleton, his demand for more money, Pendleton's fear of another beating, and appellant's taking Pendleton to his residence to obtain more money proved beyond a reasonable doubt that appellant abducted Pendleton with the intent to extort pecuniary benefit.

Appellant also contends that his conviction of the unauthorized use of a vehicle rather than carjacking demonstrates that the trial court found that the element of force or intimidation was not present.  Likewise, he argues that his acquittal of attempted robbery reflects the trial court's finding of the lack of force and intimidation in appellant's effort to obtain money from Pendleton at his residence.

He also contends that the trial court was inconsistent in its verdicts and that it failed to explain its inconsistency.  See Akers v. Commonwealth, 31 Va. App. 521, 532, 525 S.E.2d 12, 19 (2000) (holding that truly inconsistent verdicts in a bench trial constitute reversible error).  In Akers, this Court concluded that it was error for a trial judge to render inconsistent verdicts in convicting the defendant of the use of a firearm in the commission of a felony, while acquitting him of the underlying felony charge.  Id.  Appellant's reliance on Akers is misplaced.

Here, appellant was not acquitted of a necessary predicate felony, but rather was convicted of the lesser-included offense of misdemeanor unauthorized use of a motor vehicle and acquitted of attempted robbery.[3]  The record reflects that after failing to obtain money from Pendleton at his residence, appellant and his companions took Pendleton's van without his permission.  It is also reasonable to conclude from the record that appellant's conviction of grand larceny from the person, rather than robbery, arose because the appellant's assault and battery of Pendleton was not for the purpose of taking his wallet.  The larceny occurred when the wallet was taken from the unconscious Pendleton.  We find no inherent inconsistency in the trial court's judgments in convicting appellant of abduction for pecuniary benefit while acquitting him of the charges of attempted robbery and carjacking under the facts in this record.

---

[3] The trial court noted that it found appellant guilty of the misdemeanor rather than felony unauthorized use because the Commonwealth failed to prove the value of the van.

Even under <u>Akers</u>, a judgment will be sustained "where a trial judge on the record explains an apparent inconsistency in the verdicts, and where the explanation shows that the trial court's action was 'proper' and that there was no 'unfairness.'" <u>Id.</u> at 532 n.5, 525 S.E.2d at 18 n.5 (quoting <u>Johnson v. State</u>, 209 A.2d 765, 773 (Md. 1965)); <u>see</u> <u>Cleveland v. Commonwealth</u>, 38 Va. App. 199, 204, 562 S.E.2d 696, 698 (2002).

The trial court explained its rationale for dismissing the carjacking charge. It stated that it found unauthorized use of the vehicle to be a lesser-included offense of carjacking. While its explanation was not artful, it reflected its determination that transporting the abducted Pendleton in his own van was not sufficient to establish in its view the force necessary to constitute carjacking.

Viewing the record in its entirety, we conclude that the trial court did not err in finding that the abduction of Pendleton by appellant was accomplished through force and intimidation, specifically Pendleton's reasonable fear he would be beaten again unless he gave appellant more money. "[T]his is not a case where the judge 'appeared to have rejected the only evidence that would support the conviction.'" <u>Cleveland</u>, 38 Va. App. at 205, 562 S.E.2d at 699 (quoting <u>Akers</u>, 31 Va. App. at 531, 525 S.E.2d at 18).

Even if we were to assume, without deciding, that the verdicts were inconsistent, we find that the trial court gave a valid explanation on the record for the basis of its verdicts. The explanation by the trial court reflected that it considered its rulings to be acts of lenity and not a product of confusion. <u>See</u> <u>id.</u>

CONCLUSION

For the reasons set forth above, we conclude that the evidence was sufficient to sustain appellant's conviction of abduction to extort pecuniary benefit. We also find that the trial court adequately explained its reasons for its verdicts and that the record discloses no unfairness or

violation of principles consistent with the proper administration of justice.  The judgment of the trial court is therefore affirmed.

Affirmed.