COURT OF APPEALS OF VIRGINIA


Present:  Judges McClanahan, Beales and Senior Judge Willis
Argued at Salem, Virginia


DOUGLAS GORDON MYATT

MEMORANDUM OPINION[*] BY
v.        Record No. 1187-09-3             JUDGE JERE M. H. WILLIS, JR.
                                          MARCH 16, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Charles H. Smith, Jr., Judge Designate

David R. Tiller (Tiller & Tiller, P.C., on brief), for appellant.

Gregory W. Franklin, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


In a bench trial, Douglas Gordon Myatt was acquitted of credit card theft in violation of

Code § 18.2-192(1)(a) and was convicted of credit card fraud in violation of Code § 18.2-195(1)(a).

On appeal, he contends these verdicts were impermissibly inconsistent. We agree and reverse his

conviction for credit card fraud.

BACKGROUND

Mercy Ambulance Service (Mercy) hired Myatt as a paramedic in November 2005. The

following month, he was promoted to manager, and Mercy provided him with a corporate credit

card. Ginger Woods, Myatt's supervisor, testified that he was authorized to use the credit card to

make purchases for the company. Small purchases, such as fuel or office supplies, did not

require prior authorization. Larger purchases required pre-approval by Woods or James Lewis,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the company's owner. Myatt was also authorized to use the card for personal purchases, provided he reimbursed the company.

In March 2006, Myatt was demoted to a non-managerial paramedic position. At that time, Woods told him to return the credit card to Lewis or to the assistant manager. Myatt stated he did not have the card with him that day. In early April 2006, while Woods and Lewis were on vacation, Myatt resigned from the company. Though asked to return the credit card, he never did. He continued to use the card for personal purchases after he no longer worked for Mercy.

Myatt was indicted for credit card theft, in violation of Code § 18.2-192(1)(a), and for credit card fraud, in violation of Code § 18.2-195(1)(a). At the conclusion of a bench trial on these charges, the trial court held:

> Mr. Myatt . . . thought he could get by with using that card for a while and, . . . at some future point, he would be responsible for paying it back. So while he took it and kept it after his employment terminated, I do not think he did so with the intent of stealing it. *Therefore*, I find him not guilty of the credit card theft.

(Emphasis added).

The trial court then convicted Myatt of credit card fraud.

ANAYLSIS

Code § 18.2-195 provides, in pertinent part:

> (1) A person is guilty of credit card fraud when, with intent to defraud any person, he:
>
> (a) Uses for the purpose of obtaining money, goods, services or anything else of value a credit card or credit card number obtained or retained in violation of § 18.2-192 or a credit card or credit card number which he knows is expired or revoked . . . .

Code § 18.2-192, provides, in part:

> (1) A person is guilty of credit card or credit card number theft when:
>
> (a) He takes, obtains or withholds a credit card or credit card number from the person, possession, custody or control of another

- 2 -

without the cardholder's consent or who, with knowledge that it has been so taken, obtained or withheld, receives the credit card or credit card number with intent to use it or sell it, or to transfer it to a person other than the issuer or the cardholder . . . .

By acquitting Myatt of credit card theft under Code § 18.2-192, the court necessarily concluded that an essential element of credit card fraud under Code § 18.2-195(1)(a) had not been proven.

In Akers v. Commonwealth, 31 Va. App. 521, 532, 525 S.E.2d 12, 19 (2000), we held that truly inconsistent verdicts in a bench trial constitute reversible error. Nevertheless, under Akers, a facially inconsistent judgment will be sustained "where a trial judge on the record explains an apparent inconsistency in the verdicts, and where the explanation shows that the trial court's action was 'proper' and that there was no 'unfairness.'" Id. at 532 n.5, 525 S.E.2d at 18 n.5 (quoting Johnson v. State, 209 A.2d 765, 773 (Md. 1965)); see Cleveland v. Commonwealth, 38 Va. App. 199, 204, 562 S.E.2d 696, 698 (2002).

In Cleveland,

> the trial judge said he "[c]hose to give [Cleveland] a break even though [the evidence proved Cleveland] was under the influence." This statement indicates the judge considered his ruling to be an act of lenity, and it clearly establishes that the ruling was not a product of confusion. Thus, unlike in Akers, the trial judge made a specific finding concerning the reason he convicted Cleveland of reckless driving and dismissed the driving under the influence charge.

Cleveland, 38 Va. App. at 204-05, 562 S.E.2d at 698.

In ruling on Myatt's post-trial motion challenging the verdicts, the trial court stated, "I don't recall specifically . . . there was some leniency perhaps . . . ." However, in its holding at trial, the trial court concluded that Myatt "did wrongfully withhold the card, but that he did not do so with the intention of stealing it and keeping it." The trial court specifically held, "Therefore," for that reason, that Myatt was "not guilty of the credit card theft." Thus, the trial

court "'rejected the only evidence that would support the [credit card fraud] conviction.'" Akers, 31 Va. App. at 531, 525 S.E.2d at 18 (quoting Shell v. State, 512 A.2d 358, 362-63 (Md. 1986)). It plainly held that the violation of Code § 18.2-192 had not been proven. Thus, an essential element of Code § 18.2-195(1)(a) was also not proven.

The trial court gave no valid explanation for convicting Myatt of credit card fraud while acquitting him of credit card theft. Its suggested explanation in its ruling on Myatt's post-trial motion was vague and suppositional; plainly insufficient in the face of its firm and unambiguous holding at trial. Without a sufficient explanation for the inconsistent verdicts, Myatt's credit card fraud conviction must be reversed. See Cleveland, 38 Va. App. at 204, 562 S.E.2d at 698.

Accordingly, the judgment of the trial court is reversed and the indictment charging Myatt with credit card fraud is dismissed.

Reversed and dismissed.