COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Huff and Senior Judge Haley
Argued at Chesapeake, Virginia


WILLIAM H. CRADLE, S/K/A
 WILLIAM HENRY CRADLE

                                                     MEMORANDUM OPINION[*] BY
v.       Record No. 1104-13-1                        JUDGE JAMES W. HALEY, JR.
                                                     MAY 27, 2014

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Marc Jacobson, Judge Designate

                Sterling H. Weaver, Sr. (Weaver Law Practice, PLLC, on brief), for
                appellant.

                Susan Mozley Harris, Assistant Attorney General (Mark R. Herring,
                Attorney General, on brief), for appellee.


        William H. Cradle (appellant) was indicted upon charges of possessing cocaine with the

intent to distribute it, possessing a firearm while simultaneously possessing drugs, and

possessing a firearm while possessing drugs with the intent to distribute. In a bench trial, the

trial court found appellant guilty of possessing a firearm while simultaneously possessing drugs

in violation of Code § 18.2-308.4(A), and acquitted him of the other two charges.[1] Appellant

moved to set aside the guilty verdict because it was inconsistent with the trial court's findings of

not guilty on the other two charges. The trial court denied the motion, and appellant challenges

this ruling on appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Under Code § 18.2-308.4(A), it is unlawful "for any person unlawfully in possession of
a controlled substance classified in Schedule 1 or II of the Drug Control Act (§ 54.1-3400 et
seq.) of Title 54.1 to simultaneously with knowledge and intent possess any firearm."

BACKGROUND

On appeal, we will consider the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court. See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

On March 10, 2011, at 7:35 p.m., appellant, his brother, and his brother's girlfriend arrived at a house that the police had under surveillance. At 7:50 p.m., the police executed a search warrant for the house. There were six people in the house when the police entered. Appellant was in a chair in the living room and was five feet from the kitchen table. The police found drugs on the kitchen table, a 12 gauge shotgun leaning against the pantry, and two boxes of shotgun shells in the pantry. A loaded semiautomatic handgun was found in the living room. The police located other firearms and ammunition in the residence.

ANALYSIS

Appellant argues on appeal that the trial court erred in finding him guilty of possessing a firearm while simultaneously possessing cocaine because the trial court did not find him guilty of possession of cocaine.[2] He contends that by acquitting him of possessing cocaine with the intent to distribute, the trial court necessarily acquitted him of the lesser-included offense of possessing cocaine.

In Akers v. Commonwealth, 31 Va. App. 521, 531, 525 S.E.2d 12, 18 (2000) (quoting Shell v. State, 512 A.2d 358, 362 (Md. 1986)), this Court stated:

---

[2] Appellant argues only that the trial court rendered inconsistent verdicts. He did not raise as an assignment of error on appeal, and did not argue in the trial court, nor on brief, that to sustain a conviction under Code § 18.2-308.4(A) the Commonwealth was required to prove an actual conviction of the unlawful possession of drugs as a predicate offense. At oral argument, appellant conceded that proof of an actual conviction of possessing drugs was not required for a conviction under Code § 18.2-308.4(A). Accordingly, we do not consider this issue on appeal. See Rules 5A:18 (this Court will not consider issues not raised and ruled upon by the trial court) and 5A:12(c)(1)(i) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court.").

> "[C]onvictions based on inconsistent jury verdicts are tolerated because of the singular role of the jury in the criminal justice system. . . . [T]here is a 'reluctance to interfere with the results of unknown jury interplay,' at least without proof of 'actual irregularity.' . . . [I]nconsistencies may be the product of lenity, mistake, or a compromise to reach unanimity, and . . . the continual correction of such matters would undermine the historic role of the jury as arbiter of questions put to it. In the present case, however, the inconsistent verdicts were rendered by a judge, not by a jury. [The above rationale] does not justify inconsistent verdicts from the trial judge."

Nevertheless, a judgment in a bench trial will be sustained "'where a trial judge on the record explains an apparent inconsistency in the verdicts, and where the explanation shows that the trial court's action was "proper" and that there was no "unfairness."'" Id. at 532 n.5, 525 S.E.2d at 18 n.5 (quoting Shell, 512 A.2d at 363).

In Cleveland v. Commonwealth, 38 Va. App. 199, 204, 562 S.E.2d 696, 698 (2002), this Court sustained inconsistent verdicts rendered by a trial judge because the "judge gave a valid explanation on the record for the verdicts." In Cleveland, the defendant was charged with driving while a habitual offender and while under the influence in violation of Code § 18.2-266, reckless driving as a habitual offender, driving under the influence of alcohol, and attempting to elude a police officer. Id. at 200-01, 562 S.E.2d at 696-97. The trial court convicted the defendant of the habitual offender charge, reckless driving, and attempted eluding, but dismissed the driving under the influence charge. Id. at 202, 562 S.E.2d at 697. In rendering these verdicts, the trial court stated that he decided "'to give [Cleveland] a break even though [he] thought Cleveland] was under the influence.'" Id. On appeal, the defendant contended "the trial judge rendered impermissible, inconsistent verdicts by convicting him of a felony after acquitting him of violating Code § 18.2-266." Id. at 200, 562 S.E.2d at 696. This Court, however, affirmed the verdicts, ruling that the trial judge's reasoning indicated the verdicts to be

"an act of lenity" and "clearly establishes that the ruling was not a product of confusion." Id. at 204-05, 562 S.E.2d at 698.

At the conclusion of appellant's trial, the trial court stated, "This Court does not have any problem in concluding that William Henry Cradle, Jr., was in possession of a firearm." It further held, "It cannot be said that there was no controlled substance in the kitchen where Mr. William Henry Cradle, Jr., did locate himself at least some time or one time." However, the trial court said it had "concern as to whether or not there was an enterprise . . . or a situation where there was intent to distribute that has been attributed or attributable to William Henry Cradle, Jr." As a result of this "concern," the trial court did not convict appellant of possession of cocaine with intent to distribute.

After appellant moved to set aside the verdict, the trial court explained its decision to convict appellant of possession of a firearm while in possession of cocaine.

> [T]he Court has previously found and does find -- if there's any question or misunderstanding or any suggestion to the contrary, the Court does find and does rule as a matter of fact from the evidence that has been presented to the Court in this case -- and the Court remembers and recalls the evidence well -- that the evidence and findings of fact unequivocally do establish the defendant's guilt of the charge of possession of a firearm while in possession of cocaine . . . .
>
> If, just again for the sake of argument, there is any or was any inconsistency which, of course, suggests the Court has found that the evidence does not indicate there's any doubt in the Court's mind of the guilt of the defendant of this charge, at best or at worst, whatever the position of the parties may be, the decision of the Court in rendering the defendant guilty of possession of a firearm while in possession of cocaine simply reflects and did reflect lenity on the part of the Court and discloses no unfairness and doesn't disclose any violation of any principles consistent with the proper administration of justice and thus presents no reversible error . . . .
>
> \* \* \* \* \* \* \*
>
> Let the Court make it very clear that the Court considered and effectively noted that the defendant was in possession of cocaine.

- 4 -

> Further, the Court, be there any question whatsoever, does indicate that the Court's ruling and decision was based on the fact that the defendant was in possession of cocaine and that he possessed a firearm while in possession of cocaine.

Appellant maintains on appeal that "[s]ince the [d]efendant was found not guilty of knowingly and intentionally possessing cocaine, there was no predicate for the conviction of possession of a firearm while in possession of a controlled substance." This claim rests upon the faulty assumption that the trial court found appellant not guilty of possessing cocaine. However, the trial court found appellant not guilty of the charge of possessing cocaine *with the intent to distribute it*. In making this finding, the trial court did not necessarily find the Commonwealth failed to prove appellant knowingly and intentionally possessed cocaine. As noted above, in explaining its decision to deny the motion to set aside, the trial court stated that it concluded the evidence was sufficient to prove appellant's possession of cocaine beyond a reasonable doubt. The trial court made clear that its decision to acquit him of possession with the intent to distribute was an act of lenity. Thus, this is not a case where the trial court "'appeared to have rejected the only evidence that would support the conviction.'" Cleveland, 38 Va. App. at 205, 562 S.E.2d at 698 (quoting Akers, 31 Va. App. at 531, 525 S.E.2d at 18).

We find that the trial court sufficiently explained its ruling and did not issue inconsistent verdicts. "[T]he record discloses no unfairness or violation of principles consistent with the proper administration of justice and, thus, presents no reversible error." Id. at 205, 562 S.E.2d at 699. Accordingly, the trial court did not err in denying the motion to set aside the verdict.

CONCLUSION

For the foregoing reasons, appellant's conviction is affirmed.

Affirmed.

- 5 -