COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Elder and Frank

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY

v.      Record No. 0090-04-1     JUDGE LARRY G. ELDER
                                  MAY 18, 2004

SHAWN ANTHONY MAYFIELD

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

(Jerry W. Kilgore, Attorney General; Richard B. Smith, Senior
Assistant Attorney General, on brief), for appellant.  Appellant
submitting on brief

No brief for appellee.

Shawn Anthony Mayfield (defendant) stands indicted for possession of marijuana with

intent to distribute.  Pursuant to Code § 19.2-398, the Commonwealth appeals a pretrial ruling

granting defendant's motion to suppress all evidence resulting from the encounter in which the

marijuana upon which the indictment is based was found.  We hold the court's ruling constituted

a finding that defendant was seized without reasonable suspicion and that this illegal seizure

tainted defendant's consent to search.  Because the evidence supports such a ruling, we affirm

the ruling and remand for further proceedings consistent with this opinion.

On appeal of a ruling on a motion to suppress, we view the evidence in the light most

favorable to the party prevailing below.  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067,

407 S.E.2d 47, 48 (1991).  "[W]e are bound by the trial court's findings of historical fact unless

'plainly wrong' or without evidence to support them."  McGee v. Commonwealth, 25 Va. App.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*). However, we review *de novo* the question whether a person has been seized in violation of the Fourth Amendment. Reittinger v. Commonwealth, 260 Va. 232, 236, 532 S.E.2d 25, 27 (2000); see also Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996) (noting review of application of legal standards such as reasonable suspicion and probable cause is *de novo*).

"Fourth Amendment jurisprudence recognizes three categories of police-citizen [contacts]: (1) consensual encounters, (2) brief, minimally intrusive investigatory detentions [that must be] based upon specific, articulable facts, commonly referred to as Terry stops, and (3) highly intrusive arrests and searches founded on probable cause." Wechsler v. Commonwealth, 20 Va. App. 162, 169, 455 S.E.2d 744, 747 (1995) (citation omitted). "A seizure occurs when an individual is either physically restrained or has submitted to a show of authority." McGee, 25 Va. App. at 199, 487 S.E.2d at 262. "Whether a seizure has occurred . . . depends upon whether, under the totality of the circumstances, a reasonable person would have believed that he or she was not free to leave." Id. at 199-200, 487 S.E.2d at 262.

> Various factors have been identified as relevant in determining whether a seizure has occurred, including the threatening presence of a number of police officers, the display of weapons by officers, physical contact between an officer and a citizen, an officer's language or tone of voice compelling compliance, the retention of documents requested by an officer, and whether a citizen was told that he or she was free to leave. See Ohio v. Robinette, 519 U.S. 33, 36, 117 S. Ct. 417, 136 L.Ed.2d 347 (1996); [Florida v.] Royer, 460 U.S. [491,] 504, 103 S. Ct. 1319[, 75 L. Ed. 2d 229 (1983)]; [United States v.] Mendenhall, 446 U.S. [544, 554, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980)]. The decision whether the encounter was consensual must be made based on the totality of the circumstances. Mendenhall, 446 U.S. at 554, 100 S. Ct. 1870.

Harris v. Commonwealth, 266 Va. 28, 32, 581 S.E.2d 206, 209 (2003).

Here, Officer Spencer and seven other uniformed officers on bicycles, each of whom wore a gun belt and holster containing a pistol, approached defendant as a group as defendant

stood with seven or eight other people on the property of an apartment complex posted with prominent "No trespassing" signs. Several members of the group with which defendant stood held open containers of alcohol, although defendant did not. The containers were visible from the adjacent public street, which constituted a violation of the city code. Although only Officer Spencer interacted directly with defendant, this interaction took place in a crowded and confined area--a ten-foot-square area of the parking lot in which a total of seven other officers stood with seven or eight other individuals whom they questioned. Further, Officer Spencer simply began to question defendant and did not ask whether defendant minded answering some questions. During the encounter, Officer Spencer asked appellant his name and why he was on the property; asked for identification, which he "[r]an . . . over the radio" in defendant's presence to determine whether defendant "was wanted"; and asked if defendant "had any guns, drugs or knives on him." When defendant confirmed that he did not live there, Officer Spencer gave defendant no indication that he was free to leave, and defendant made no attempt to do so.

Except where the contrary is specifically provided by law, see, e.g., Code § 20-108.1(B) (requiring court to follow statutory guidelines for calculating child support and to make specific findings of fact justifying any deviation from amount due under guidelines), Virginia courts are not required to state the factual findings or legal conclusions that underlay their ultimate rulings. Akers v. Commonwealth, 31 Va. App. 521, 532 n.5, 525 S.E.2d 13, 18 n.5 (2000). A trial court is presumed to know and properly apply the law, "[a]bsent clear evidence to the contrary in the record." Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).

Here, the trial court was not required to give any explanation for its ruling granting defendant's motion to suppress. However, it chose to provide such an explanation, and the Commonwealth contends that explanation constituted an erroneous interpretation of applicable law. We hold the record does not support such a conclusion. The trial court assumed defendant

gave consent to a search but that Officer Spencer did not have "any reason to request that permission." Viewing these comments in the light most favorable to defendant, we hold they constituted a finding that defendant was illegally seized and, thus, that any purported consent to search was tainted by the illegal seizure. The court's comments do not constitute "clear evidence" to rebut the presumption that the trial court knew and properly applied the law. See id.

We hold the evidence, including the presence of so many visibly armed police officers in a small space, with several individuals in obvious violation of the city's open container ordinance who may also have been trespassing, supported the trial court's conclusion that defendant was not free to leave. Based on the Commonwealth's concession that Officer Spencer lacked reasonable suspicion for a Terry stop, this seizure of defendant's person was unreasonable.

Further, the trial court's findings support the implicit conclusion that defendant's purported consent to search was tainted by the illegal seizure. See Harris, 266 Va. at 33-34, 581 S.E.2d at 210 (citing Wong Sun v. United States, 371 U.S. 471, 487-88, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963)).

For these reasons, we affirm the granting of the motion to suppress and remand for further proceedings consistent with this opinion.

Affirmed and remanded.