COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Bumgardner and Frank
Argued at Richmond, Virginia


KELVIN V. BOWLES, S/K/A
  KELVIN VON BOWLES
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1858-04-2                       JUDGE LARRY G. ELDER
                                                       SEPTEMBER 20, 2005
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                          Edward L. Hogshire, Judge

              Christopher C. Graham (Eustis & Graham, P.C., on brief), for
              appellant.

              Josephine F. Whalen, Assistant Attorney General (Judith Williams
              Jagdmann, Attorney General, on brief), for appellee.


        Kelvin V. Bowles (appellant) appeals from his misdemeanor bench trial conviction for

failing to re-register with the Department of State Police for inclusion in the Sex Offender and

Crimes Against Minors Registry in violation of Code § 18.2-472.1.  On appeal, he contends that

application to him of certain statutory amendments, which increased both the frequency with

which certain offenders are required to re-register and the penalty for failing to do so from a

misdemeanor to a felony, violates the United States and Virginia Constitutions' prohibitions

against *ex post facto* laws.  The court convicted appellant of misdemeanor failure to re-register,

and appellant failed to file a transcript or statement of facts regarding the proceedings in the trial

court.  Because nothing in the record establishes that the trial court ruled against appellant on the

constitutional issue, we affirm appellant's conviction.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A trial court is presumed to know and properly apply the law, "[a]bsent clear evidence to the contrary in the record." Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977). Except where the contrary is specifically provided by law, see, e.g., Code § 20-108.1(B) (requiring court to follow statutory guidelines for calculating child support and to make specific findings of fact justifying any deviation from amount due under guidelines), Virginia courts are not required to state the factual findings or legal conclusions that underlie their ultimate rulings. Akers v. Commonwealth, 31 Va. App. 521, 532 n.5, 525 S.E.2d 13, 18 n.5 (2000).

Further, our review of an appeal is restricted to the record. Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 401 (1986). "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statement of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). The burden is on the appellant to present a sufficient record from which we may determine both that the claimed error has occurred and that appellant preserved that error for appeal. See Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc).

Based on the record before us in this appeal, we are unable to detect any error operating to appellant's detriment. Appellant contends the trial court ruled in his favor based solely on the lack of actual notice to him of the statutory changes. He seeks a ruling that the 1997 amendments to the registration scheme may not constitutionally be applied to him and that he may be subject only to the registration requirements that existed at the time of his conviction. However, the trial court in fact convicted appellant of only misdemeanor failure to re-register. Further, the evidence in the record supports that conviction under the statutory scheme that existed at the time of appellant's 1997 sexual abuse conviction, and nothing in the record

properly before us on appeal compels the conclusion that the trial court rejected the *ex post facto* argument appellant advances on appeal.  Thus, appellant has failed to establish a factual or legal error from which he is entitled to relief.

Under the statutory scheme that existed when appellant was convicted on February 27, 1997, he was required to register as a sex offender with the State Police "within thirty days of his release from confinement" and was required to "re-register within thirty days following any change of residence."  1994 Va. Acts, ch. 362 (codified at § 19.2-298.1 (1995 Repl. Vol.)). Effective July 1, 1997, that statute was amended to require registration and re-registration within ten days of release or change of address.  See 1997 Va. Acts, chs. 670, 672, 747 (codified at § 19.2-298.1 (1995 Repl. Vol. & Supp. 1997); see also 2003 Va. Acts, ch. 584 (repealing § 19.2-298.1 and reenacting relevant provisions as §§ 9.1-900 to -920).  Although appellant contends the trial court convicted him for "misdemeanor failure to re-register *within ten (10) days* of changing his address" (emphasis added), the record before us on appeal does not make clear whether the conviction was for failure to re-register within ten days or thirty days.  Code § 18.2-472.1, the statute appellant was indicted and convicted for violating, does not and never has contained the number of days within which an offender must register.  See 1997 Va. Acts, ch. 747; 1999 Va. Acts, ch. 845; 2001 Va. Acts, ch. 365; 2003 Va. Acts, ch. 584.  It merely prescribes the penalty for failing to register or re-register.  See also 1994 Va. Acts, ch. 362 (enacting Code § 19.2-298.1, which contained both duty to register and time period for doing so prior to enactment of Code § 18.2-472.1 in 1997).  The time periods within which one must do so are set out in other statutes.  Thus, the mere fact of appellant's conviction for failure to re-register does not compel the conclusion that it was for failing to do so within ten days.

Further, the facts in the record do not establish that appellant's conviction was based on violation of the ten-day rather than thirty-day re-registration requirement.  The undisputed

evidence establishes that appellant notified the State Police on September 29, 2000, that he was residing on Little Graves Street in Charlottesville; that he moved from that address no later than March 1, 2001; and that, as of September 21, 2001, over 180 days later, he still had not re-registered with the State Police.

Thus, assuming without deciding the ten-day re-registration requirement could not constitutionally be applied to appellant, neither the language in the conviction order nor the evidence in the record establishes that the trial court's ruling necessarily resulted in such an application. Further, absent such an application here, we lack the authority to consider whether *future* application of the statutory amendments to appellant will be unconstitutional or to declare, as he requests, "that he can only be subject to the registration requirements of [Code § 19.2-298.1] as it existed prior to July 1, 1997, as well as to Class 1 misdemeanor sanctions for failure to comply with [Code § 19.2-298.1(E)] also as it existed prior to July 1, 1997."

Under settled principles, it is our duty "'*to decide actual controversies* by a judgment which can be carried in effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Potts v. Mathieson Alkali Works, 165 Va. 196, 225, 181 S.E. 521, 533 (1935) (quoting Mills v. Green, 159 U.S. 651, 653, 16 S. Ct. 132, 133, 40 L. Ed. 293 (1895)) (emphasis added). A court's "jurisdiction is not necessarily defeated by the practical termination of a contest which is short-lived by nature. If the underlying dispute is 'capable of repetition, yet evading review,' Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911), it is not moot." Richmond Newspapers v. Virginia, 448 U.S. 555, 563, 100 S. Ct. 2814, 2820, 65 L.Ed.2d 973 (1980) (citations omitted).

Appellant's case does not present an issue capable of repetition yet evading review. If appellant again fails to re-register in compliance with the time limits prescribed by the amended

statute,[1] is again charged with a violation of Code § 18.2-472.1, and is convicted for a felony rather than a misdemeanor, he will most certainly be afforded an opportunity for judicial review of his claim that the new statutory scheme may not constitutionally be applied to him.  Because appellant concedes the evidence supported his conviction for the misdemeanor offense of failing to re-register and the record fails to establish an erroneous legal ruling, we affirm.

<u>Affirmed.</u>

---

[1] Pursuant to Code § 9.1-909(A), appellant also has the option to petition for relief from the duty to re-register every ninety days.