COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Athey and Chaney
Argued at Norfolk, Virginia

GREGORY KEITH TURNER

MEMORANDUM OPINION* BY
v.      Record No. 0783-21-1          JUDGE VERNIDA R. CHANEY
JULY 12, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Randall D. Smith, Judge

Rachel E. Wentworth, Assistant Public Defender, for appellant.

Rebecca M. Garcia, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Gregory Keith Turner ("Turner") was tried and convicted in a bench trial in the Circuit

Court for the City of Chesapeake ("trial court"). Turner appeals five criminal convictions:

felony possession of a firearm after conviction of a non-violent felony, in violation of Code

§ 18.2-308.2; misdemeanor reckless handling of a firearm, in violation of Code § 18.2-56.1(A);

misdemeanor discharging a firearm in public, in violation of Code § 18.2-280; misdemeanor

transporting a firearm while subject to a protective order, in violation of Code § 18.2-308.1:4; and

misdemeanor obstruction of justice, in violation of Code § 18.2-460.[1] The trial court sentenced

Turner to active incarceration for three years on the felony firearm conviction, one month for

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Turner was convicted and sentenced for the additional charged offenses of cocaine
possession, marijuana possession, and public intoxication. Because Turner's arguments on
appeal do not relate to these convictions and sentences, they are not at issue in this appeal.

reckless handling of a firearm, six months for discharging a firearm in public, two months for transporting a firearm while subject to a protective order, and six months for obstruction of justice.

On appeal, Turner contends that the trial court erred in (i) denying his motions to strike the charges on the grounds of insufficient evidence; (ii) convicting him of transporting a firearm while subject to a protective order when the Commonwealth failed to prove the predicate offense; and (iii) admitting hearsay testimony of a police officer. Finding no error, this Court affirms the trial court's judgment.

## I. BACKGROUND[2]

Around 2:00 p.m. on January 25, 2020, Officer Krystal Vincent Gregory ("Officer Vincent") of the Chesapeake Police Department heard a gunshot while she was on patrol in a residential area in Chesapeake, Virginia.[3] The neighborhood was having a block party, and "most of the neighborhood was out." A couple of seconds after Officer Vincent heard a gunshot, she saw Turner standing in the middle of the street holding a black handgun in his right hand with his arm extended pointing upward at the sky. Officer Vincent did not see Turner fire the gun. Officer Vincent saw Turner lower his arm and point the gun toward the direction of 2009 Flower Lane, a residential duplex. Officer Vincent saw no one else holding a firearm.

When officers commanded Turner to drop the gun, he briefly walked out of Officer Vincent's view towards the corner of 2011 Flower Lane, where the police later found the gun. When Turner walked towards 2011 Flower Lane, Officer Vincent lost sight of Turner for five to

---

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).

[3] At the time of Turner's trial, Officer Vincent had changed her last name to "Gregory," and she had new employment with the Virginia Beach Police Department. Throughout the trial she was referred to as "Officer Vincent."

ten seconds because her view was obstructed by a vehicle. Officer Vincent did not see Turner drop a gun.

In a search of Turner incident to his arrest, the police found a 9 mm bullet. The police did not find a gun on Turner when he was searched incident to his arrest. Officer Vincent also found a spent 9 mm shell casing on the ground right next to the place where Officer Vincent first observed Turner.

Officer Kristin Severino of the Chesapeake Police Department also heard a single gunshot while she was on patrol near 2009 Flower Lane around 2:00 p.m. on January 25, 2020.[4] Officer Severino did not see who fired the gunshot. Officer Severino found a black 9 mm firearm near a vehicle in the grass in the corner of the front yard at 2011 Flower Lane. Officer Severino estimated that the gun was found ten feet from where she first observed Turner. Officer Vincent estimated that the firearm was found about a couple of yards away from where Turner was standing when she first saw him, although Officer Vincent acknowledged that she is "not very good at estimating distance." A certificate of analysis states that the firearm was in mechanical operating condition.

Two other guns were found together in the bushes in the backyard at 2009 Flower Lane. These two guns were found about sixty to seventy feet away from the gun found at 2011 Flower Lane.

Officer Vincent testified without objection that after Turner was taken into custody, "he initially told officers that his name was Greg Redman and that his date of birth was March 26, 1971." When that information could not be confirmed, Officer Vincent asked Turner for his

---

[4] At the time of Turner's trial, Officer Severino was employed as a special agent with the Department of Homeland Security.

social security number. The social security number that Turner provided "came back to Gregory Turner."

A protective order admitted as Commonwealth's Exhibit 2 required that Turner "shall not commit acts of violence, force, or threat *or criminal offenses that may result in injury to person or property*." (Emphasis added). The protective order was issued against Turner on August 30, 2018, and it remained in effect until August 31, 2020.

A final sentencing order admitted as Commonwealth's Exhibit 3 showed that Turner was sentenced on September 26, 2011, for three felony convictions for cocaine distribution.

At the close of the Commonwealth's evidence, Turner moved to strike all the charges. The trial court overruled Turner's motions to strike. Turner presented no evidence and renewed his motions to strike. The trial court found that the evidence was sufficient to find Turner guilty beyond a reasonable doubt of all the charged offenses, and the court found Turner guilty of all the charged offenses.

This appeal followed.

## II. ANALYSIS

### A. The Trial Court Did Not Err in Denying Turner's Motions to Strike.

#### 1. *Standard of Review*

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its

opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Where a conviction is based on circumstantial evidence, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." *Garland v. Commonwealth*, 225 Va. 182, 184 (1983) (quoting *Carter v. Commonwealth*, 223 Va. 528, 532 (1982)).

2. *The Evidence Is Sufficient to Support Turner's Firearm Convictions.*

Upon review of the evidence in the light most favorable to the Commonwealth, this Court finds that the evidence is sufficient to sustain Turner's firearm convictions. Turner contends that the evidence is insufficient to prove that he possessed and discharged a firearm because the firearm that he was convicted of possessing and discharging was not found on his person and was not linked to him with any fingerprint or DNA evidence. Turner also argues that there was "no witness that saw Mr. Turner discharge the exact gun found in the yard." Opening Br. at 12. Although Turner did not possess a firearm at the time of his arrest, the evidence supports a finding that the firearm that Turner pointed at the sky is the same firearm that was subsequently found on the ground after the police ordered Turner to drop the gun.

Officer Vincent observed Turner pointing a black gun towards the sky two seconds after Officer Vincent heard a single gunshot. Turner then lowered the gun and pointed it toward a house. When police ordered Turner to drop the gun, he walked about ten feet to the front yard of a house where police later found a black 9 mm handgun in the grass. This gun was examined by the Virginia Department of Forensic Science and determined to be in mechanical operating condition. The police also found a 9 mm shell casing right near the spot where Turner was standing when he pointed the gun toward the sky. In the search incident to Turner's arrest, the

police found a 9 mm bullet on his person.  Based on the totality of these circumstances, a rational fact-finder could find that Turner fired the gun and subsequently dropped it on the grass ten feet away from where he fired it.  Therefore, the evidence is sufficient to sustain Turner's convictions for possession of a firearm by a convicted felon and discharging a firearm in public.

Turner also argues that even if this Court finds that the evidence is sufficient to sustain his conviction for discharging a firearm in public, the evidence is insufficient to prove that he recklessly handled a firearm because the act of firing the gun into the air endangered no one's life, limb, or property.  We disagree.  A rational fact-finder could find that the lives and limbs of the people who were nearby partying outdoors were endangered when Turner discharged the bullet into the air.

Turner also contends that the trial court erred in convicting him of transporting a firearm while subject to a protective order because the evidence is insufficient to establish the predicate that he possessed a firearm.  Although Turner states that this argument was not raised in the trial court, we find that this argument was preserved by Turner's motion to strike "all the charges" and Turner's argument to the trial court that the evidence was insufficient to prove that he possessed a firearm.[5]  Because we have found that the evidence is sufficient to prove that Turner possessed a firearm, the evidence is sufficient to establish what Turner has identified as the predicate for his conviction for transporting a firearm while subject to a protective order.[6]

---

[5] Turner's concession that this issue was not preserved in the trial court does not decide the preservation issue, which is a question of law.  *See Cofield v. Nuckles*, 239 Va. 186, 194 (1990) ("A party can concede the facts but cannot concede the law.").

[6] Turner did not contend in the trial court nor on appeal that there was insufficient evidence that Turner purchased or transported a firearm, as charged in the warrant for a violation of Code § 18.2-308.1:4.

## B. The Admission of Hearsay Evidence

Turner contends that the trial court erred in admitting Officer Vincent's testimony that Turner told other officers that his name is "Greg Redman." This testimony may have served as the basis for Turner's conviction for misdemeanor obstruction of justice. Turner argues on appeal that this testimony is inadmissible hearsay that was admitted in violation of his rights under the Confrontation Clause. However, Turner acknowledges that he did not challenge the admission of the alleged hearsay testimony in the trial court. Turner asks this Court to apply the ends of justice exception to Rule 5A:18's contemporaneous objection requirement and to consider this assignment of error on the merits.

We hold that the ends of justice exception to Rule 5A:18 is inapplicable here because the record does not establish that a miscarriage of justice has occurred. *See Conley v. Commonwealth*, 74 Va. App. 658, 682 (2022) ("'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (*en banc*))). "Application of the ends of justice exception is appropriate where '[the accused] was convicted for conduct that was not a criminal offense' or 'the record . . . affirmatively prove[s] that an element of the offense did not occur.'" *Akers v. Commonwealth*, 31 Va. App. 521, 527 n.2 (2000) (alterations in original) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221-22 (1997)). Because there is no basis for finding that a miscarriage of justice has occurred, Rule 5A:18 bars this Court from considering this assignment of error on the merits.

## III. CONCLUSION

The trial court did not err in finding Turner guilty of felony possession of a firearm after conviction of a non-violent felony, in violation of Code § 18.2-308.2; misdemeanor reckless handling of a firearm, in violation of Code § 18.2-56.1(A); misdemeanor discharging a firearm in

public, in violation of Code § 18.2-280; misdemeanor transporting a firearm while subject to a protective order, in violation of Code § 18.2-308.1:4; and misdemeanor obstruction of justice, in violation of Code § 18.2-460.  Therefore, this Court affirms the trial court's judgment.

*Affirmed.*