# Richmond

JOHN SULLIVAN, JR. v. COMMONWEALTH OF VIRGINIA.

April 22, 1974.

Record No. 730448.

Present, All the Justices.

L. *Wallace Sink* (*Allen, Sink & Hastings*, on brief), for plaintiff in error.

*William A. Carter, III, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

The defendant, John Sullivan, Jr., was found guilty by a jury of conspiracy to commit grand larceny, Code § 18.1-15.2,[1] and his punishment was fixed at a term of three years imprisonment. The same jury returned a verdict of not guilty on a jointly tried indictment charging Sullivan with conspiracy to commit burglary arising from the same transaction.

We granted a writ of error limited to defendant's claim that the trial court erred in not setting aside the guilty verdict for inconsistency.

The only direct evidence that a conspiracy had been formed came from Sullivan's co-conspirator, Harold Wayne Dorsey. Dorsey testi-

---

[1] Code § 18.1-15.2 has since been repealed and superseded by Code § 18.1-15.3. Acts 1972, c. 484, Acts 1973, c. 399.

fied that on the night of June 14, 1972, he and Sullivan agreed to burglarize the residence of Robert Hunsecker to steal a stereo unit and a television set. Part of their agreement was that they would share the proceeds received from any sale of the stolen goods. Dorsey further testified that he accompanied Sullivan to Hunsecker's residence. Dorsey then broke and entered the residence and removed the stereo unit which he and defendant subsequently sold.

Assuming, without deciding, that the two verdicts were inconsistent, we find no error in the refusal of the trial court to set aside the guilty verdict. Consistency in verdicts under facts such as we have here is not required. *Dunn* v. *United States*, 284 U.S. 390, 394 (1932).

*Affirmed.*