JESSE DOUGLAS REED

V.

COMMONWEALTH OF VIRGINIA

Record No. 890819

April 20, 1990

Present: All the Justices

*Patricia L. Harrington (Durrette, Irvin & Lemons*, on brief), for appellant.

*Robert Q. Harris, Assistant Attorney General (Mary Sue Terry, Attorney General*, on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this appeal, we decide whether a judgment may be entered on a guilty verdict of the compound offense of using a firearm in the commission of a robbery in violation of Code § 18.2-53.1[1] where, in the same trial, the jury finds the defendant not guilty of the underlying robbery.

On October 19, 1988, Jesse Douglas Reed was tried by a jury upon eight related felony charges. Specifically, he was charged with: robbing and murdering James Strong; robbing Stanley Bradshaw and Jerry Lewis; and using a firearm in the commission of each of the preceding four felonies. The jury found Reed guilty of the use of a firearm in the Bradshaw and Lewis robberies, but not guilty of all other charges, including the Bradshaw and Lewis robberies.

On October 19, 1988, judgment was entered on the verdicts.[2] By an order dated June 21, 1989, the Court of Appeals denied Reed's petition for appeal. We awarded Reed this appeal.

On June 27, 1988, Reed and Leon Smith entered the apartment of Stanley Bradshaw, described as a "private club," and joined a card game then in progress. Leon Smith, an admitted "cocaine dealer," testified that he went to the club to locate a bag of cocaine that he suspected James Strong had stolen from him.

---

[1] Code § 18.2-53.1 provides in part that any person convicted of the use or threatening display of a firearm while committing a number of listed felonies, including robbery, "shall be sentenced to a term of imprisonment of two years for a first conviction, and for a term of four years for a second or subsequent conviction. . . ."

[2] The jury recommended sentences of four years in each guilty verdict. Since this was the first time Reed had been convicted of this crime, the court reduced Reed's sentence to two years on one charge in conformity with Code § 18.2-53.1.

Strong, Bradshaw, Jerry Lewis, Karen Smith, and her sister, Regina Smith, were also at the club at this time.

The Smith sisters, Bradshaw, and Lewis testified that shortly after Reed and Leon Smith joined the card game, Reed and Leon Smith "pulled out" pistols, ordered everyone to lie face down on the floor, and demanded money. Reed and Leon Smith admitted that they brandished pistols, but claimed it was in response to Lewis having "pulled" a pistol. Bradshaw and Lewis testified that Reed took money from them.

After the sisters' departure, Bradshaw and Lewis heard inquiries addressed to Strong concerning the whereabouts of "the rest of the money," and heard Strong begging for his life. Neither witness, however, could say whether Reed or Leon Smith was making the inquiries. Shortly thereafter, Bradshaw and Lewis heard shots. After Leon Smith and Reed left, they discovered that Strong had been shot in the head. A short time later, Strong died from these wounds. Reed and Leon Smith denied having anything to do with the robberies or Strong's murder.

To convict Reed of the respective robberies of Bradshaw and Lewis, Instructions 13 and 17 required the jury to find beyond a reasonable doubt that: (1) Reed intended to steal; (2) the personal property of Bradshaw and Lewis was taken; (3) such takings were against the will of the victims; and (4) the takings were accomplished by the threat or presentation of firearms. To convict Reed of the use of a firearm in the commission of the respective robberies, Instructions 15 and 19 required the jury to find beyond a reasonable doubt that: (1) Reed used a firearm in a threatening manner; and (2) such use occurred while Reed was robbing, or attempting to rob, each victim.

The defendant argues that a failure to prove any one of the elements of robbery outlined in Instructions 13 and 17 would logically negate a finding of the second element necessary for a conviction of the corresponding firearm charge, as described in Instructions 15 and 19. Hence, the defendant concludes that the verdicts are inconsistent and that his conviction cannot be sustained.

The Commonwealth relies on *Sullivan* v. *Commonwealth*, 214 Va. 679, 204 S.E.2d 264 (1974), in which multiple charges of conspiracy to commit burglary and grand larceny arising from the same transaction were tried together, and we sustained inconsistent verdicts thereon. We concluded that consistency in verdicts

rendered in the same trial of these offenses was not required. *Id.* at 680, 204 S.E.2d at 265. Reed argues that we should create an exception to *Sullivan* when a jury renders inconsistent verdicts in a case involving compound and predicate offenses.

■ In *Sullivan*, however, we relied upon *Dunn* v. *United States*, 284 U.S. 390 (1932), in which inconsistent verdicts were rendered in a case involving essentially predicate and compound offenses committed at the same time and place. In *Dunn*, the same jury convicted the accused of maintaining a common nuisance by keeping liquor for sale, but acquitted him upon counts charging unlawful possession and unlawful sale of liquor. The Supreme Court affirmed the conviction, stating that "verdicts cannot be upset by speculation or inquiry" into whether they "may have been the result of compromise, or of a mistake on the part of the jury." *Id.* at 394.

We again rely upon the rule of *Dunn*, which was reaffirmed and applied in *United States* v. *Powell*, 469 U.S. 57 (1984). In *Powell*, the Court refused to overturn a guilty verdict on a count charging the compound offense of facilitating the commission of narcotic offenses by the use of a telephone, even though the same jury returned a not guilty verdict upon the predicate narcotic offenses. *Id.* at 69. Rejecting the defendant's contention that an exception should be made to the *Dunn* rule, the Court stated that such an exception "threatens to swallow the rule." *Id.* at 68.

■ As counsel indicated and *Powell* noted: (1) the jury may have made a mistake in failing to convict the defendant of the predicate crime, although finding him guilty of the compound offense; (2) on the other hand, the jury may have been mistaken in failing to acquit the defendant of the compound offense after finding him not guilty of the predicate offense; or (3) perhaps the jury simply decided to be lenient with the defendant and convict him only of the compound offense, which carried a lesser penalty than that attached to the predicate offense.

> Inconsistent verdicts therefore present a situation where "error," in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, and the fact that the [Commonwealth] is precluded from challenging the acquittal, it is hardly satisfactory to allow the

defendant to receive a new trial on the conviction as a matter
of course.

*Powell*, 469 U.S. at 65. Furthermore, because we are "more careful than most states to protect the inviolability and secrecy of jurors' deliberations," *Caterpillar Tractor Co.* v. *Hulvey*, 233 Va. 77, 82, 353 S.E.2d 747, 750 (1987), a court, in a case like this, is unlikely to discover what motivated the jury.

Given these considerations and our previous decisions, we are of opinion that the verdicts in this case may not be successfully assailed. Accordingly, the order of the Court of Appeals will be

*Affirmed.*