COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Elder and Fitzpatrick
Argued at Richmond, Virginia


WILL ROGERS LOVING, JR.
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2499-94-2      JUDGE LARRY G. ELDER
                                      FEBRUARY 20, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHARLES CITY COUNTY
                  Samuel Taylor Powell, III, Judge


            Craig S. Cooley for appellant.

            Richard H. Rizk, Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            Richard B. Smith, Assistant Attorney General,
            on brief), for appellee.


     Will Rogers Loving, Jr. (appellant) appeals his conviction

for use of a firearm in the commission of a murder in violation

of Code § 18.2-53.1.  Appellant asserts (1) the trial court, in a

bifurcated trial, erred in refusing to set aside his conviction

for use of a firearm in the commission of a murder where he was

convicted only of voluntary manslaughter; and (2) insufficient

evidence supported his conviction.  Because the trial court did

not err, we affirm the conviction.

                               I.

                             FACTS

     The victim and appellant fought on prior occasions,

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

including one incident in February or March 1994, when both parties were intoxicated.  On June 26, 1994, appellant and two friends were driving on Route 618 in Charles City County, when the victim, in his vehicle, waved for them to stop.  The victim, who became intoxicated that day after a fight with appellant's mother (whom he dated) and sister, was in a very agitated state.  After each party exited his vehicle, the victim attacked appellant and threw full beer cans at him.  Appellant re-entered his vehicle and fled with the victim in pursuit.  Appellant returned to his house, where he retrieved a pistol and hid behind a truck.  The victim sped into appellant's driveway and exited his vehicle.  Appellant testified that after he fired warning shots into the air, the victim, with one hand held behind himself, told appellant, "If you got [a gun], you better use it."  Appellant testified that as the victim approached him, he feared for his life and shot the victim two times, killing him.  The victim was unarmed, he stood twenty feet away from appellant when appellant shot him, and his blood alcohol level was .19 percent when he died.

In a bifurcated jury trial in the Circuit Court of Charles City County, a jury convicted appellant of voluntary manslaughter and use of a firearm in the commission of a murder.  Appellant made a motion to set aside and strike the conviction for use of a firearm in the commission of a murder, which the trial court denied.  The circuit court entered judgments on the jury

verdicts.

## II.

### INCONSISTENT VERDICTS IN A BIFURCATED TRIAL

Appellant argues that the trial court erred in failing to set aside his conviction for use of a firearm in the commission of a murder after the jury convicted him only of manslaughter. Appellant recognizes that prior to the statutory creation of bifurcated felony jury trials, see Code § 19.2-295.1, inconsistent verdicts could not be reversed on appeal due to inconsistency. However, appellant contends that because the jury in a bifurcated trial does not consider guilt and punishment concurrently, the trial judge has the discretion to set aside an inconsistent verdict before the punishment phase. We disagree.

"Jury verdicts may appear inconsistent because the jury has elected through mistake, compromise, or lenity to acquit or to convict of a lesser offense for one charged crime that seems in conflict with the verdict for another charged offense." Pugliese v. Commonwealth, 16 Va. App. 82, 96, 428 S.E.2d 16, 26 (1993) (citations omitted); see also Wolfe v. Commonwealth, 6 Va. App. 640, 371 S.E.2d 314 (1988). Based on this notion, the Supreme Courts of the United States and Virginia both have held that a court may not overturn a defendant's conviction on one count simply because it is inconsistent with the jury's verdict on another count. United States v. Powell, 469 U.S 57 (1984); Reed v. Commonwealth, 239 Va. 594, 391 S.E.2d 75 (1990). The Court of Appeals recently applied this rule specifically to bifurcated

proceedings, <u>Tyler v. Commonwealth</u>, __ Va. App. __, __ S.E.2d __ (1996), and we hold that this rule similarly dictates the result of this case.

## III.

### SUFFICIENCY OF THE EVIDENCE

In his alternate argument, appellant asserts that the Commonwealth did not present sufficient evidence to support his conviction and failed to prove beyond a reasonable doubt every element of the offense. <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 315-16 (1979). We disagree and hold that sufficient evidence proved every element of the charge of use of a firearm in the commission of a murder.

The Commonwealth had the burden of proving appellant (1) used a firearm (2) while committing murder. Code § 18.2-53.1; <u>Yarborough v. Commonwealth</u>, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994). To establish appellant committed second degree murder, the Commonwealth had to prove the unlawful killing was done with malice, but without premeditation and deliberation. <u>Perricllia v. Commonwealth</u>, 229 Va. 85, 91, 326 S.E.2d 679, 683 (1985).

Our analysis of whether sufficient evidence supported the elements and sub-elements of the firearm charge must "not be confused with the problems caused by inconsistent verdicts. . . . [Our] review should be independent of the jury's determination that evidence on [the murder] count was insufficient." <u>Powell</u>,

469 U.S. at 67 (citations omitted).  When examining a sufficiency issue, we must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences deducible therefrom.  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990)(en banc).  Additionally, we discard all evidence of the accused that conflicts with that of the Commonwealth, and we regard as true all credible evidence favorable to the Commonwealth.  Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993).  Finally, "[t]he jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it."  Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

The evidence adduced at trial showed the following: appellant and the victim involved themselves in previous altercations, and mutual animosity existed between them.  On June 26, 1994, after their violent encounter on Route 618, appellant left the scene and returned to his house.  Appellant testified he presumed the victim would arrive at his house, but he did not attempt to leave the premises or notify police as to any potential conflict.  Instead, appellant retrieved his gun and hid next to a truck in his driveway as the victim arrived.  Appellant disclosed to police that after the victim told him to use his gun, he did in fact shoot the victim.  See Gills v. Commonwealth, 141 Va. 445, 449, 126 S.E. 51, 53 (1925)(holding malice may be inferred by the use of a deadly weapon).  Appellant

also admitted the victim, who did not possess a weapon, was approximately twenty feet away when appellant shot at him three times, hitting him twice.

Sufficient credible evidence, viewed in the light most favorable to the Commonwealth, showed appellant acted with malice in killing the victim, and appellant used a firearm in the commission of the crime.  See generally Mundy v. Commonwealth, 11 Va. App. 461, 479, 390 S.E.2d 525, 535 (1990)(en banc)(subsequent history omitted); Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 475-76 (1989).  In light of the legal principles described above, we cannot say the jury's verdict was plainly wrong or without evidence to support it.  Code § 8.01-680.

Accordingly, we affirm appellant's conviction.

Affirmed.