COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, McClanahan and Petty
Argued at Richmond, Virginia


KARL LONDELL MARTIN

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2658-08-3                  JUDGE ROBERT P. FRANK
                                                     NOVEMBER 17, 2009
COMMONWEALTH OF VIRGINIA


                   FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                                  Charles N. Dorsey, Judge

              Richard L. Derrico (Copenhaver, Ellett & Derrico, on brief), for
              appellant.

              Josephine F. Whalen, Assistant Attorney General II (William C.
              Mims, Attorney General, on brief), for appellee.


        Karl Londell Martin, appellant, was convicted, in a jury trial, of burglary in violation of

Code § 18.2-91, abduction in violation of Code § 18.2-48, and use of a firearm in the commission of

robbery in violation of Code § 18.2-53.1.  On appeal, appellant contends that because the trial court

set aside the jury verdict on the robbery conviction, his conviction for use of a firearm in the

commission of robbery must also be set aside.  Appellant also contends the evidence is insufficient

to support his convictions of the other charges.  For the following reasons, we affirm in part and

reverse and dismiss in part.

                                            BACKGROUND

        On the evening of December 19, 2007, J.H. was alone in his mother's house when he heard

a knock at the front door from a man identifying himself as Calvin.  When J.H. opened the door, he

was struck in the head with a gun, thrown on the couch, and ultimately landed on the floor.  J.H.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

remembered four people entering the house, two large men and two smaller men. They began searching throughout the living room, then moved upstairs and roamed through the house. The largest man, described by J.H. as being "not as tall as big, fat," weighed over 200 pounds and carried a large chrome handgun. The large man also had on a striped stocking cap mask.

Two of the other men each carried smaller handguns. J.H. testified that one of the smaller men with a gun ripped a white gold chain from J.H.'s neck. The men did not take anything else.

J.H. was able to run outside to a neighbor's house where he called his mother, who then called the police. Their home had earlier been installed with inside surveillance cameras that recorded the incident on black and white videotape. The videotape was played for the jury at trial.

Detective S.R. Terwilleger of the Roanoke City Police Department arrested appellant in an unrelated incident on December 20, 2007. Upon searching appellant, Terwilleger discovered a large, chrome revolver, a .44 magnum with an extended barrel, in appellant's jacket and a striped ski mask in his back pocket. The mask had two eyeholes cut out on one side, and two other eyeholes and a breathing hole cut into the other side. Trial testimony indicated the holes were not originally in the mask, but had later been fashioned into the mask by cutting the holes out. The Commonwealth introduced into evidence a photograph of a mask. The photo indicated that the mask had two holes cut in it, and J.H. testified that it looked the same as at the time when he saw it in his house. The Commonwealth also introduced the mask itself, along with the gun that Terwilleger recovered from appellant.

The jury found appellant guilty of burglary, robbery, use of a firearm in the commission of robbery, and abduction. At a later date, the trial court heard a motion to set aside the jury's verdicts and the trial court granted appellant's motion as to robbery. At that time appellant did not argue, as

he now does on appeal, that a conviction for use of a firearm in the commission of robbery cannot stand if the underlying robbery charge fails.

This appeal follows.

ANALYSIS

Use of a Firearm in the Commission of Robbery

Appellant first argues that the trial court erred in not setting aside the use of a firearm in the commission of robbery charge when it set aside the underlying robbery conviction. The Commonwealth responds that pursuant to Jay v. Commonwealth, 275 Va. 510, 659 S.E.2d 311 (2008), the Commonwealth must concede error. Additionally, the Commonwealth agrees with appellant that although this argument is procedurally barred pursuant to Rule 5A:18, the ends of justice exception should apply and the conviction for possession of a firearm in the commission of robbery should be set aside. We agree with the Commonwealth.

We note from the outset that we are not obligated to accept the Commonwealth's concession on a point of law. See Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*) ("Our fidelity to the uniform application of law precludes us from accepting concessions of law made on appeal."); Tuggle v. Commonwealth, 230 Va. 99, 111 n.5, 334 S.E.2d 838, 846 n.5 (1985). Thus, we review the record independent of the Attorney General's concession of law.

First, we recognize that appellant did not preserve this issue in the trial court. Application of the ends of justice exception requires proof of an error that was "clear, substantial and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). Application of the ends of justice exception is appropriate where "[the accused] was convicted for conduct that was not a criminal offense" or "the record . . . affirmatively prove[s] that an

element of the offense did not occur." Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 272-73 (1997).

By finding appellant guilty of use of a firearm in the commission of robbery, but not finding him guilty of robbery, the trial court found an element of the firearm offense, namely robbery, that did not exist. Thus, the record "affirmatively prove[s] that an element of the offense did not occur." Therefore, the ends of justice exception applies and this Court will address the merits of appellant's argument.

"Under the plain language of Code § 18.2-53.1, there can be no conviction for use or attempted use of a firearm when there has been no commission of one of the predicate offenses enumerated in that statute." Jay, 275 Va. at 527, 659 S.E.2d at 321.

We previously have held that inconsistent verdicts rendered by a jury do not constitute reversible error.

> "Inconsistent verdicts therefore present a situation where 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, and the fact that the [Commonwealth] is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course."

Reed v. Commonwealth, 239 Va. 594, 597-98, 391 S.E.2d 75, 77 (1990) (quoting United States v. Powell, 469 U.S. 57, 65 (1984)). However, in this case the trial court generated the inconsistency, and this Court has previously held that inconsistent verdicts rendered by a trial judge is reversible error. See Akers v. Commonwealth, 31 Va. App. 521, 532, 525 S.E.2d 13, 19 (2000) (concluding that it was error for a trial judge to render inconsistent verdicts in convicting the defendant of the use of a firearm in the commission of a felony, while acquitting him of the underlying felony charge). Because the trial court acquitted appellant of the robbery charge, we

- 4 -

set aside appellant's conviction for use of a firearm in the commission of robbery and dismiss that charge.

Sufficiency of the Evidence

Appellant does not challenge that the evidence, viewed in the light most favorable to the Commonwealth, proves that J.H. was the victim of the subject offenses. Rather, he contends that the evidence was insufficient to show he participated in any of the crimes.

To be convicted of a crime, suspicion or probability of guilt is insufficient. Rather, the burden is upon the Commonwealth to prove every essential element of the offense beyond a reasonable doubt. Cameron v. Commonwealth, 211 Va. 108, 110, 175 S.E.2d 275, 276 (1970). When reviewing the sufficiency of the evidence presented at the trial of the offense to prove the elements of the crime, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see also Code § 8.01-680.

Thus, "the relevant question" on appeal "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We are also mindful that circumstantial "evidence 'is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Hollins v. Commonwealth, 19 Va. App. 223, 229, 450 S.E.2d 397, 400 (1994) (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)). "Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

There is ample circumstantial evidence in this record from which the jury could conclude that appellant was the large individual appearing on the videotape wearing the ski mask and brandishing the firearm.

Appellant cites several cases in support of his argument that the circumstantial evidence presented at trial was insufficient to identify him as one of J.H.'s assailants. We recognize that no two cases are identical and that the specific facts of each control whether the circumstantial evidence is sufficient to identify the accused as the perpetrator. Bearing that in mind, we find the cases cited by appellant to be distinguishable from the facts in this record.

In Cameron v. Commonwealth, 211 Va. 108, 175 S.E.2d 275 (1970), two unidentified men robbed a woman in the lobby of a parking garage. A witness who was walking toward the garage saw two men run out of the exit and told the police that they were "two . . . males, one short and one tall, the taller wearing dark pants, a white coat and a brown derby type hat, the smaller one wearing light pants, a brown coat and a white sailor type hat with the brim turned down." 211 Va. at 109, 175 S.E.2d at 275-76.

Based on that description, the police arrested Cameron and another man eight blocks from the garage. Id. at 109, 175 S.E.2d at 276. Cameron was wearing a "'white, dirty, tan jacket,' grey pants and a brownish hat." Id. His companion "was wearing a brownish three-quarter-length coat, light tan pants and a 'dirty white sailor type cap pulled down with a red and grey band around it.'" Id.

The witness testified at trial that he could not be positive they were the same two men and only identified them by their clothing. Id. at 110, 175 S.E.2d at 276. The victim was also unable to identify Cameron at trial. Id. The Supreme Court reversed Cameron's conviction stating:

> The strongest evidence against the defendant was the testimony of
> [the witness] who could only say that the defendant and his

companion were "wearing the same type of clothes" as the two boys who ran out of the garage lobby and that one of the two boys was short and one was tall, as were the defendant and his companion.

Id. at 111, 175 S.E.2d at 277.

We find the facts of Cameron decidedly distinguishable from the facts here. Cameron's clothing was commonplace; nothing about his clothing stood out from the ordinary. In comparison, the mask in evidence here is not an ordinary mask. It is unique in its description and distinctively altered from its original appearance.

At trial, J.H. was shown photographs of the mask and gun. He identified the mask and gun in the pictures as the same items he saw in his house on the night he was robbed. Also, the video, shown to the jury, clearly depicts a striped mask with two holes cut in one side and three holes cut in the other. Further, the video shows a long barreled, chrome revolver held by the large assailant who wore the mask. The jury had an opportunity to compare the mask and gun that were offered into evidence with the video of the robbery, as well as compare the size of the assailant to that of appellant.

In conclusion, the jury had the opportunity to view the videotape, the gun, and the mask. They concluded that the Commonwealth's evidence proved that the mask worn by the assailant was identical to the mask found in appellant's pocket just a day after J.H. was robbed. Because the jury's verdict is not plainly wrong or without evidence to support it, we affirm appellant's convictions for burglary and abduction. We reverse and dismiss appellant's conviction for use of a firearm in the commission of robbery.

Affirmed in part, and reversed and dismissed in part.

- 7 -