COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Chief Judge Decker, Judge O'Brien and Senior Judge Humphreys
Argued by videoconference


KYLIJAH ARTEAL MEREDITH, A/K/A
  KYLIJAH ARTEAL EVANS

                                                 MEMORANDUM OPINION* BY
v.       Record No. 1018-24-2             CHIEF JUDGE MARLA GRAFF DECKER
                                                     MAY 20, 2025

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          W. Reilly Marchant, Judge

            (John W. Parsons; John W. Parsons, Attorney at Law, on brief), for
            appellant.  Appellant submitting on brief.

            Jason D. Reed, Senior Assistant Attorney General (Jason S. Miyares,
            Attorney General, on brief), for appellee.


       Kylijah Arteal Meredith appeals his convictions of voluntary manslaughter and use of a

firearm during the commission of a felony in violation of Code §§ 18.2-35 and -53.1.  Meredith

challenges the sufficiency of the evidence supporting his convictions, contending that instead the

evidence supports the conclusion that he acted in self-defense.  He also argues that the court erred

by convicting and sentencing him for the firearm charge because Code § 18.2-53.1 does not include

voluntary manslaughter as a predicate offense.  We disagree and affirm the trial court's judgment.

_____
       * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

On the evening of March 5, 2023, Meredith fatally shot Davonte Straus as the result of a gun sale gone wrong. Andre Robertson, a friend of Meredith, went with him to a fast-food restaurant to help facilitate the transaction with Straus. The three of them went into the restaurant's bathroom to make the exchange. They gave Straus the gun, then all three went outside into the parking lot. Once outside, Straus placed his payment for the gun in Robertson's pocket.[2] There was a dispute about the amount of the payment, and Meredith shot and killed Straus.

Meredith was charged with murder and using a firearm in the commission of a felony. At a jury trial, the Commonwealth presented video recordings taken from both inside and outside the restaurant. The recordings of the parking lot showed that after the cash transaction, Straus turned briefly, began running away, was shot, and then fell in the drive-through lane. Meredith fired five times, shooting Straus twice in the side of his chest and once in his back. Straus took his newly purchased gun from his pocket but did not raise it until after Meredith fired at him. The handgun Straus had just purchased was found on the ground near where the exchange took place. It contained eighteen rounds of ammunition. The gun had been fired but immediately jammed.

In his defense, Meredith presented evidence that Straus had gunshot primer residue on one of his hands. Testifying in his own behalf, Meredith said that he knew Robertson but had not met Straus before the day of the shooting. Meredith agreed to sell Straus a weapon if Robertson would accompany him. According to Meredith, outside the restaurant, Straus paid Robertson only half the agreed-upon price. When Robertson confronted Straus about the shortfall, Straus reached into his

---

[1] On appeal, this Court "consider[s] the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." *Nelson v. Commonwealth*, 73 Va. App. 617, 620 n.1 (2021) (alteration in original) (quoting *Chenevert v. Commonwealth*, 72 Va. App. 47, 52 (2020)).

[2] The face value of the money represented only half the agreed-upon price, and the currency was counterfeit.

pocket. Meredith explained that he believed that Straus was going to shoot them. But he admitted that Straus's gun was still pointed at the ground when he first fired at Straus.

Meredith made motions to strike the evidence, arguing it established that he shot Straus in self-defense. The trial court denied the motions and submitted the case to the jury. The court instructed the jury on second-degree murder and voluntary manslaughter as lesser-included offenses of first-degree murder. The jury was also instructed on the law relevant to malice, heat of passion, and self-defense.

In closing argument to the jury, defense counsel contended that Meredith acted in self-defense or, alternatively, in the heat of passion. As the jury deliberated, it asked the trial court if Meredith could be convicted of both "manslaughter and . . . use of [a] firearm in [the] commission of murder." The court referred the jury to the previous instructions.

The jury found Meredith guilty of voluntary manslaughter as a lesser-included offense. It also found him guilty of using a firearm during the commission of a murder. He was sentenced to a total of fifteen years with three years suspended.

ANALYSIS

I. Self-Defense

Meredith contends that the evidence is insufficient to support his convictions. Specifically, he suggests that the evidence showed that he acted in self-defense rather than with malice.

When reviewing the sufficiency of the evidence to support a conviction, "[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is [']plainly wrong or without evidence to support it.[']" *Commonwealth v. Wilkerson*, ___ Va. ___, ___ (Feb. 20, 2025) (quoting *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024)). In conducting this review, "[a]n appellate court does not 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023)

- 3 -

(alteration in original) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). Rather, for the reviewing court, "[t]he only 'relevant question is . . . whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Garrick*, 303 Va. at 182 (alterations in original) (quoting *Barney*, 302 Va. at 97 (emphasis added)). Here, the trier of fact was the jury.

In conducting our review, this Court likewise gives deference to the fact finder's assessment of witness credibility. "Determining the 'credibility of the witnesses and the weight of the evidence' are tasks left 'solely [to] the trier of fact' unless those determinations are 'plainly wrong or without evidence to support [them].'" *Nelson v. Commonwealth*, 73 Va. App. 617, 622 (2021) (alterations in original) (quoting *Wactor v. Commonwealth*, 38 Va. App. 375, 380 (2002)). And "[t]he trier of fact is 'free to believe or disbelieve, in part or in whole, the testimony of any witness.'" *Washington v. Commonwealth*, 75 Va. App. 606, 616 (2022) (quoting *Bazemore v. Commonwealth*, 42 Va. App. 203, 213 (2004) (en banc)). "Similarly, '[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.'" *Id.* (alteration in original) (quoting *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011)). The requirement of appellate deference to the factfinder "applies not only to 'matters of witness credibility' but also to the factfinder's 'interpretation of . . . video evidence.'" *Barney*, 302 Va. at 97 (quoting *Meade v. Commonwealth*, 74 Va. App. 796, 806 (2022)).

It is under these well-established standards that we consider Meredith's challenge to his convictions. Meredith admits that he shot and killed Straus, but he argues that he acted in self-defense and the jury erred finding otherwise.

The jury was required to determine Meredith's state of mind at the time of the shooting. *See generally Diaz v. Commonwealth*, 80 Va. App. 286, 314 (2024) (defining malice, a necessary

element of murder, and voluntary manslaughter).  Consistent with determining his state of mind, the jury was also tasked with deciding whether he acted only to defend himself.

"Self-defense is an affirmative defense . . . ." *Hughes v. Commonwealth*, 39 Va. App. 448, 464 (2002) (quoting *Smith v. Commonwealth*, 17 Va. App. 68, 71 (1993)).  In deciding whether a defendant established self-defense, the fact finder must determine whether he acted in reasonable apprehension of bodily harm.  *See, e.g.*, *Taylor v. Commonwealth*, 77 Va. App. 149, 171 (2023).  This defense also requires a finding that the force that the accused used was reasonable in relation to the threatened harm.  *See id.*  Virginia law recognizes self-defense "when the accused is '*without any fault on his part in provoking or bringing on the difficulty*.'"[3] *Washington*, 75 Va. App. at 617 (quoting *Avent v. Commonwealth*, 279 Va. 175, 199 (2010)).  Whether a defendant has met the burden of establishing "that he acted in self-defense is a question of fact."  *Bell v. Commonwealth*, 66 Va. App. 479, 486 (2016) (quoting *Smith*, 17 Va. App. at 71).

Here, the surveillance camera footage showed that Straus was walking away from Meredith when Meredith drew his gun and fired toward Straus's back.  *See Barney*, 302 Va. at 97 (noting the requirement of appellate deference to the factfinder's interpretation of video evidence).  Straus briefly turned toward Meredith after Meredith first fired.  Although Straus removed his gun from his pocket, as Meredith conceded, it was initially pointed downward.  And it was in that position when Meredith first fired at Straus.  Straus then tried to flee before collapsing from his gunshot wounds, one in his back and two in his side.  No evidence supports Meredith's claim that Straus threatened him first and that Meredith did not instigate the shooting.

---

[3] This form of self-defense is known as justifiable self-defense.  *See, e.g.*, *Jones v. Commonwealth*, 71 Va. App. 70, 94 (2019).  Virginia law also recognizes excusable self-defense when the accused was at some degree of fault.  *Bell v. Commonwealth*, 66 Va. App. 479, 487 (2016).  At trial, defense counsel recognized that excusable self-defense did not "fit[] the facts" and asked that the jury be instructed only on justifiable self-defense.

*See Wilkerson*, ___ Va. at ___ (affirming as reasonable the factfinder's rejection of the defendant's hypothesis of innocence); *Washington*, 75 Va. App. at 616 (recognizing the factfinder's ability to reject a defendant's self-serving statements).  This record supports the jury's conclusion that Meredith carried at least some responsibility in provoking the shooting and, therefore, does not demonstrate that he acted in justifiable self-defense.  *See Washington*, 75 Va. App. at 618.

The evidence, when viewed in the light most favorable to the Commonwealth, proves that Meredith instigated the gun violence.  Accordingly, the evidence was sufficient to support the jury's finding that Meredith did not act in self-defense when he shot Straus once in the back and twice in the side of his chest.

## II.  Use of a Firearm

Meredith points out that the jury found him guilty of the lesser-included offense of voluntary manslaughter instead of murder as charged in the indictment.  As a result, he argues that his conviction for use of a firearm under Code § 18.2-53.1 cannot stand because voluntary manslaughter is not an enumerated predicate offense under that statute.  Contrary to Meredith's assertion, however, the fact that the jury acquitted him of murder did not preclude a finding by the jury as a matter of law that he used a firearm in the commission of murder.

Meredith acknowledges that he did not raise this issue at trial as required by Rule 5A:18. *See* Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . .").  Nevertheless, he asks this Court to invoke the narrow ends-of-justice exception recognized by the rule.

Under the ends-of-justice exception, Meredith "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred."  *See Conley v. Commonwealth*, 74 Va. App. 658, 683 (2022) (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (en

banc)); *see also Cornell v. Commonwealth*, 76 Va. App. 17, 30 (2022) (framing the test as requiring consideration of "whether there is error" as the appellant contends and "whether the failure to apply the [exception] would result in a grave injustice" (quoting *Williams v. Commonwealth*, 294 Va. 25, 27-28 (2017))).  "[T]o show . . . a miscarriage of justice . . . , the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Wandemberg v. Commonwealth*, 70 Va. App. 124, 137 (2019) (first alteration in original) (emphasis omitted) (quoting *Holt*, 66 Va. App. at 210). Before applying the ends-of-justice exception, therefore, the Court must "determine whether the record contains affirmative evidence of innocence or lack of a criminal offense." *Id.* (quoting *Holt*, 66 Va. App. at 210).

In this case, the record does not contain affirmative evidence of innocence or lack of a criminal offense.  Inconsistent verdicts rendered by a jury do not, without more, constitute reversible error. *Barnes v. Commonwealth*, 80 Va. App. 588, 596 (2024) ("Verdicts or convictions are inconsistent when 'the essential elements in the count wherein the accused is acquitted are identical and necessary to proof of conviction on the guilt count.'" (quoting *Akers v. Commonwealth*, 31 Va. App. 521, 528 n.3 (2000))).  Virginia has consistently "recognized that '[j]ury verdicts may appear inconsistent because the jury has elected through mistake, compromise, or lenity to acquit or to convict of a lesser offense for one charged crime that seems in conflict with the verdict for another charged offense.'" *Id.* at 597 (alteration in original) (quoting *Kovalaske v. Commonwealth*, 56 Va. App. 224, 233 (2010)).

These principles hold true even when the inconsistent verdicts involve "predicate and compound offenses committed at the same time and place." *Reed v. Commonwealth*, 239 Va. 594, 597 (1990) (citing *Dunn v. United States*, 284 U.S. 390, 394 (1932)).  "[A] criminal defendant convicted by a jury on one count [may] not attack that conviction because it [i]s inconsistent with

the jury's verdict of acquittal on another count." *Wolfe v. Commonwealth*, 6 Va. App. 640, 647 (1988) (discussing *United States v. Powell*, 469 U.S. 57, 63 (1984)).  Specifically relevant here, the Virginia Supreme Court has held that a defendant can be convicted of using a firearm while committing a felony enumerated in Code § 18.2-53.1 even when the jury finds him not guilty of the enumerated felony.  *See* Code § 18.2-53.1 (listing abduction and malicious wounding among the crimes that can serve as predicate offenses for using a firearm in the commission of a felony); *McQuinn v. Commonwealth*, 298 Va. 456, 458, 461 (2020) (affirming convictions of using a firearm in the commission of abduction and malicious wounding, even though the jury did not find the defendant guilty of the predicate offenses).

The fact that the jury did not find Meredith guilty of the predicate felony of murder does not affirmatively establish that element of the firearm offense did not occur.  Inconsistent jury verdicts do not provide an independent basis for reversing Meredith's conviction for use of a firearm in the commission of a felony.  For these reasons, the ends-of-justice exception contained in Rule 5A:18 does not apply to this assignment of error.

CONCLUSION

The evidence, viewed in the light most favorable to the Commonwealth, supports the jury's finding that Meredith did not act in self-defense.  Further, the jury's rendering of inconsistent verdicts does not, standing alone, provide a basis for reversal, much less merit application of the ends-of-justice exception recognized by Rule 5A:18.  Therefore, we affirm the convictions.

*Affirmed.*